UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION** | **Case No. 2:18-md-2846**<br><br>**JUDGE EDMUND A. SARGUS, JR.**<br>**Magistrate Judge Kimberly A. Jolson** |

**This document relates to:**
*Milanesi v. C.R. Bard*,
Case No. 2:18-cv-01320

## MOTIONS IN LIMINE OPINION & ORDER NO. 16

### Plaintiffs' Motion *in Limine* ("MIL") No. 6

Plaintiffs Antonio Milanesi and Alicia Morz de Milanesi filed a Motion *in Limine* to Exclude All Evidence Related to Mr. Milanesi's Irrelevant Prior Conduct and Irrelevant Medical History (Plaintiffs' MIL No. 6, ECF No. 199), which was opposed by Defendants C.R. Bard, Inc. and Davol, Inc (ECF No. 240).  For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion.

### I.     Background[1]

The Milanesis' case will be tried as the second bellwether selected from thousands of cases in this multidistrict litigation ("MDL") titled *In Re: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation*, 2:18-md-2846.  The Judicial Panel on Multidistrict Litigation described the cases in this MDL as "shar[ing] common factual questions arising out of

---

[1] For a more complete factual background, the reader is directed to the Court's summary judgment opinion and order in this case *Milanesi v. C.R. Bard*, Case No. 2:18-cv-01320.  (ECF No. 167.)  All docket citations are to the *Milanesi* case, 2:18-cv-1320, unless otherwise noted.

allegations that defects in defendants' polypropylene hernia mesh products can lead to complications when implanted in patients, including adhesions, damage to organs, inflammatory and allergic responses, foreign body rejection, migration of the mesh, and infections." (Case No. 2:18-md-02846, ECF No. 1 at PageID #1–2.)

Plaintiffs bring this action to recover for injuries sustained as a result of the implantation of the Ventralex Large Hernia Patch, alleging that Defendants knew of the risks presented by the device but marketed and sold it despite these risks and without appropriate warnings. After summary judgment, the following claims remain for trial: defective design (strict liability), failure to warn (strict liability), negligence, gross negligence, negligent misrepresentation, fraud and fraudulent misrepresentation, fraudulent concealment, loss of consortium, and punitive damages.

The relevant facts here are that Mr. Milanesi underwent surgery to repair what appeared to be a recurrent hernia but was revealed to be a bowel erosion with a fistula and adhesions, which required a bowel resection. Shortly thereafter, Mr. Milanesi suffered a high-grade post-operative small bowel obstruction that required emergency surgery. Mr. Milanesi had the Ventralex Large Hernia Patch implanted ten years earlier to repair a hernia.

In the Plaintiffs' MIL No. 6, they move to exclude under Federal Rules of Evidence 401, 402, 403, and 404(b) all evidence or argument regarding (1) Mr. Milanesi's prior conduct, specifically his use of alcohol or tobacco, and (2) Mr. Milanesi's allegedly irrelevant medical history.

## II.     Standards

"Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion *in limine*." *In re E.I. du Pont de Nemours & Co. C-8 Pers. Injury Litig.*, 348 F. Supp. 3d 698, 721 (S.D. Ohio 2016). The practice of ruling on such

motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "The purpose of a motion *in limine* is to allow a court to rule on issues pertaining to evidence prior to trial to avoid delay and ensure an evenhanded and expedient trial." *In re E.I. du Pont*, 348 F. Supp. 3d at 721 (citing *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)). However, courts are generally reluctant to grant broad exclusions of evidence before trial because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Unless a party proves that the evidence is clearly inadmissible on all potential grounds—a demanding requirement—"evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *see also Koch*, 2 F. Supp. 2d at 1388 ("[A] court is almost always better situated during the actual trial to assess the value and utility of evidence."). The denial, in whole or in part, of a motion *in limine* does not give a party license to admit all evidence contemplated by the motion; it simply means that the Court cannot adjudicate the motion outside of the trial context. *Ind. Ins Co.*, 326 F. Supp. 2d at 846.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Irrelevant evidence is" inadmissible. Fed. R. Evid. 402. A court may exclude relevant evidence under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. As for Rule 404(b), it prohibits "[e]vidence of a crime, wrong, or other act" to

"prove a person's character in order to show that on a particular occasion that person acted in accordance with the character."

Evidentiary rulings are made subject to the district court's sound discretion. *Frye v. CSX Trans., Inc.*, 933 F.3d 591, 598 (6th Cir. 2019); *see also Paschal v. Flagstar Bank*, 295 F.3d 565, 576 (6th Cir. 2002) ("In reviewing the trial court's decision for an abuse of discretion, the appellate court must view the evidence in the light most favorable to its proponent, giving the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value.").

### III. Analysis

Both parties agree that a similar issue was before this Court in the first bellwether case, *Johns v. C. R. Bard, Inc., et al.*, Case No 2:18-cv-01509, where the *Johns* plaintiff moved to exclude all evidence related to the plaintiff's irrelevant prior conduct and medical history. The Court granted in part and denied in part the motion, concluding:

> Bard may not present evidence of Plaintiff's alcohol or marijuana use or most other medical conditions, but Bard may present evidence of Plaintiff's history of smoking as it relates to poor wound healing and coughing if the proper foundation is established at trial. If there is no basis to support a finding that Plaintiff coughs, evidence of smoking is excluded.

(Case No 2:18-cv-01509, ECF No. 330 at PageID #17882.) The Court also excluded evidence of the plaintiff's obesity and other medical conditions because they related to injuries that were no longer in the case following the Court's summary judgment ruling. (Case No 2:18-cv-01509, ECF No. 393 at PageID #20947.)

Plaintiffs here argue that the same analysis should apply regarding Mr. Milanesi's occasional use of alcohol and history of smoking cigarettes prior to 1985. Plaintiffs also argue that Mr. Milanesi's history of chronic prostatitis, purulent urethritis, gonorrhea, erectile dysfunction, elevated A1C and/or diabetes, and obesity has no relevance to his injuries in this case

4

and "would serve no purpose other than to unfairly prejudice Mr. Milanesi while confusing the issues, misleading the jury, and wasting time."

**A.     Prior Conduct**

Plaintiffs argue that Mr. Milanesi's occasional use of alcohol and history of smoking cigarettes prior to 1985 should be excluded as irrelevant, unduly prejudicial, and prohibited propensity evidence. Defendants agree not to offer such evidence at trial. Therefore, this portion of Plaintiffs' motion is **GRANTED**.

**B.     Prior Medical History**

Plaintiffs argue that Mr. Milanesi's history of chronic prostatitis, purulent urethritis, gonorrhea, erectile dysfunction, and elevated A1C and/or diabetes has no relevance or bearing on any facts at issue in this case. As to Mr. Milanesi's injuries, this Court agrees. As Plaintiffs point out, neither of Defendants' case-specific causation experts link these conditions to any relevant medical issues, and Dr. Gillian stated in his deposition that these medical conditions did not cause or contribute to Mr. Milanesi's injuries in this case. (ECF No. 77-6 at PageID #4626–28; *see also* ECF No. 272 at PageID #16788.)

Defendants argue that "Mrs. Milanesi has filed a loss of consortium claim and is claiming damages related her and Mr. Milanesi's sexual relationship. Medical conditions that impact Mr. Milanesi's sexual drive and performance . . . are directly relevant to this claim and damages." (Defs' Mem. in Opp., ECF No. 240 at PageID #15626.) Defendants' argument is well taken. That is, if Plaintiffs offer evidence that Mrs. Milanesi has lost the sexual consortium of her husband, she has put medical conditions that affect this at issue and the evidence relating to those conditions is admissible. On the other hand, if she does not offer any testimony or claim that her husband's sexual dysfunction has been caused, directly or indirectly, by Defendants, then such evidence is

5

excluded. Therefore, this portion of Plaintiffs' Motion is **GRANTED IN PART** and **DENIED IN PART**.

    C.    **Obesity**

Plaintiffs ask that the Court exclude evidence of Mr. Milanesi's obesity similar to the exclusion of evidence of the plaintiff's obesity in *Johns*. However, as the Court explained in EMO 22, which was issued in the context of the *Milanesi* case:

> In *Johns v. C.R. Bard, Inc.*, the first bellwether case in this MDL, the Court held that evidence of the plaintiff's obesity was irrelevant because the evidence went to an injury no longer in the case. *In re Davol, Inc/C.R. Bard, Inc.*, 2020 WL 6605612 at *7 (EMO No. 7); *In re Davol, Inc/C.R. Bard, Inc., Polypropylene Hernia Mesh Prods. Liab. Litig.*, 511 F. Supp. 3d 804, 808 (S.D. Ohio 2021) ("Evidence of Plaintiff's obesity and high Body Mass Index, which is undisputed by Plaintiff, is similarly irrelevant based on this record. Defendants intend to introduce this evidence to prove an alternate cause of recurrence and other complications, but these injuries are no longer part of this case." (citations omitted)) (Motions in Limine Order ("MIL") No. 9). Here, body habitus goes to the causation of injuries still at issue in this case.

(EMO No. 22, ECF No. 272 at PageID #16779.) Defendants' expert Dr. Gleit opines that "it is most likely that the mesh patch was poorly positioned from the start. Mr. Milanesi's obese body habitus and the choice of an oversized patch likely contributed to the difficulty in positioning it, as has been previously noted." (ECF No. 74-6 at PageID #4082.) Dr. Gleit also states that "[p]eople who are obese do tend to have fatty deposits in their abdomen, in particular the umbilical ligament, which can make it more difficult to ensure that the mesh is lying flat against the abdominal wall." (ECF No. 95-2 at PageID #7940; see also ECF No. 74-6 at PageID #4079–80.) Defendants' expert Dr. Gillian also offers opinions as to the increased risk associated with obesity in hernia surgeries, stating that "[t]he increase[d] intraabdominal pressure associated with obesity places a continuous disruptive strain on the tissues and the scar as it is trying to heal." (ECF No. 77-5 at PageID #4543.) Consequently, because obesity is discussed in the expert opinions and relates to injuries that are still a part of this case, it will not be excluded as it was in *Johns*.

6

Plaintiffs also argue that evidence of Mr. Milanesi's obesity is unduly prejudicial and will confuse the jury, and point to the arguments in Plaintiffs' motions to exclude Defendants' experts Dr. Gillian (ECF No. 77) and Dr. Gleit (ECF No. 74). Specifically, Plaintiffs contend that this testimony would waste time and confuse and mislead the jury. However, considering the extent of expert testimony related to this issue, the jury will unlikely be confused or misled. Therefore, this portion of Plaintiffs' Motion is **DENIED**.

### IV. Conclusion

For the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' MIL No. 6 (ECF No. 199). Specifically, the Court finds:

1. Evidence of Mr. Milanesi's occasional use of alcohol and history of smoking cigarettes prior to 1985 is excluded.

2. Evidence of Mr. Milanesi's obesity is not excluded.

3. Evidence of Mr. Milanesi's non-obesity medical history is excluded as it relates to Mr. Milanesi's injuries. Evidence of Mr. Milanesi's history is admissible only if Mrs. Milanesi raises an issue of diminution of sexual relations.

As with all *in limine* decisions, this ruling is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

**IT IS SO ORDERED.**

**11/30/2021**                               s/Edmund A. Sargus, Jr.
**DATE**                                     EDMUND A. SARGUS, JR.
                                             **UNITED STATES DISTRICT JUDGE**