UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION | Case No. 2:18-md-2846<br><br>JUDGE EDMUND A. SARGUS, JR.<br>Magistrate Judge Kimberly A. Jolson |

**This document relates to:**
*Milanesi v. C.R. Bard*,
Case No. 2:18-cv-01320

## MOTIONS IN LIMINE OPINION & ORDER NO. 18

## Plaintiffs' Motions *in Limine* ("MILs") Nos. 1, 5, 11, 12, 16, and 17

Plaintiffs Antonio Milanesi and Alicia Morz de Milanesi and Defendants C.R. Bard, Inc. and Davol, Inc. filed various MILs to exclude evidence in this case. Now before the Court are (A) Plaintiffs' MIL No. 1 to Exclude Certain Subjects From Evidence at Trial (ECF No. 203); (B) Plaintiffs' MIL No. 5 to Exclude Evidence or Argument Regarding the "Gold Standard" and "Standard of Care," That Other Products or Procedures Would Have Caused the Same or Similar Complications in Mr. Milanesi, or That the Ventralex is a "Lifesaving" Device (ECF No. 198); (C) Plaintiffs' MIL No. 11 to Exclude Evidence, Testimony, Reference, Comments, and Documents Regarding Plaintiffs' Counsel (ECF No. 204); (D) Plaintiffs' MIL No. 12 to Exclude Argument as to Potential Impact of a Plaintiffs' Verdict on the Availability of Treatment Options for Patients and Physicians (ECF No. 215); (E) Plaintiffs' MIL No. 16 to Exclude the FDA's Hernia Surgical Mesh Implants Webpage (ECF No. 216); and (F) Plaintiffs' MIL No. 17 to Exclude Evidence, Testimony, Reference, Comments, and Documents Regarding the Number of

Times an Expert Witness's Testimony was Accepted or Rejected in Other Litigation (ECF No. 212).

## I. Background[1]

The Milanesis' case will be tried as the second bellwether selected from thousands of cases in this multidistrict litigation ("MDL") titled *In Re: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation*, 2:18-md-2846. The Judicial Panel on Multidistrict Litigation described the cases in this MDL as "shar[ing] common factual questions arising out of allegations that defects in defendants' polypropylene hernia mesh products can lead to complications when implanted in patients, including adhesions, damage to organs, inflammatory and allergic responses, foreign body rejection, migration of the mesh, and infections." (Case No. 2:18-md-02846, ECF No. 1 at PageID #1–2.)

Plaintiffs bring this action to recover for injuries sustained as a result of the implantation of the Ventralex Large Hernia Patch, alleging that Defendants knew of the risks presented by the device but marketed and sold it despite these risks and without appropriate warnings. After summary judgment, the following claims remain for trial: defective design (strict liability), failure to warn (strict liability), negligence, gross negligence, negligent misrepresentation, fraud and fraudulent misrepresentation, fraudulent concealment, loss of consortium, and punitive damages.

The relevant facts here are that Mr. Milanesi underwent surgery to repair what appeared to be a recurrent hernia but was revealed to be a bowel erosion with a fistula and adhesions, which required a bowel resection. Shortly thereafter, Mr. Milanesi suffered a high-grade post-operative

---

[1] For a more complete factual background, the reader is directed to the Court's summary judgment opinion and order in this case *Milanesi v. C.R. Bard*, Case No. 2:18-cv-01320. (ECF No. 167.) All docket citations are to the *Milanesi* case, 2:18-cv-1320, unless otherwise noted.

small bowel obstruction that required emergency surgery. Mr. Milanesi had the Ventralex Large Hernia Patch implanted ten years earlier to repair a hernia.

## II. Standards

"Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion *in limine*." *In re E.I. du Pont de Nemours & Co. C-8 Pers. Injury Litig.*, 348 F. Supp. 3d 698, 721 (S.D. Ohio 2016). The practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "The purpose of a motion *in limine* is to allow a court to rule on issues pertaining to evidence prior to trial to avoid delay and ensure an evenhanded and expedient trial." *In re E.I. du Pont*, 348 F. Supp. 3d at 721 (citing *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)). However, courts are generally reluctant to grant broad exclusions of evidence before trial because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Unless a party proves that the evidence is clearly inadmissible on all potential grounds—a demanding requirement—"evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *see also Koch*, 2 F. Supp. 2d at 1388 ("[A] court is almost always better situated during the actual trial to assess the value and utility of evidence."). The denial, in whole or in part, of a motion *in limine* does not give a party license to admit all evidence contemplated by the motion; it simply means that the Court cannot adjudicate the motion outside of the trial context. *Ind. Ins Co.*, 326 F. Supp. 2d at 846.

Relevant evidence is "evidence having any tendency to make the existence of any fact that

3

is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Irrelevant evidence is" inadmissible. Fed. R. Evid. 402. A court may exclude relevant evidence under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidentiary rulings are made subject to the district court's sound discretion. *Frye v. CSX Trans., Inc.*, 933 F.3d 591, 598 (6th Cir. 2019); *see also Paschal v. Flagstar Bank*, 295 F.3d 565, 576 (6th Cir. 2002) ("In reviewing the trial court's decision for an abuse of discretion, the appellate court must view the evidence in the light most favorable to its proponent, giving the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value.").

### III. Analysis

#### A. Plaintiffs' MIL No. 1

Consistent with the Court's rulings on a similar motion filed by the plaintiff in the first bellwether trial in this MDL, *Johns v. CR Bard et al.* (No. 2:18-cv-01509, MIL Orders 1A & 8, ECF Nos. 330 & 390), Plaintiffs' MIL No. 1 is **GRANTED IN PART** and **DENIED IN PART**. Parts 1–12, 14–17, and 20 of Plaintiffs' Motion are not opposed by Defendants and are hereby granted.

Part 13 of Plaintiffs' Motion challenges evidence or statements "regarding the societal good the Defendants perform by manufacturing other devices, 'life-saving' or otherwise, including devices or medications designed to address the Covid-19 pandemic," and evidence or statements on Defendants' charitable acts. This issue was raised by the plaintiff in *Johns*. (No. 2:18-cv-01509, Pls' MIL No. 1, ECF No. 235 at PageID #12918–19.) For the reasons stated in this Court's

4

MIL Order No. 8 issued in the context of *Johns* (No. 2:18-cv-01509, MIL Order 8, ECF No. 390 at PageID #20890–92), this portion of Plaintiffs' Motion is granted.

The characterization of Defendants' products as "lifesaving" is addressed below in relation to Plaintiffs' MIL No. 5.  Evidence of Defendants' good or charitable acts is excluded as propensity evidence under Federal Rule of Evidence 404.  However, Defendants will be permitted to explain briefly what their companies do and produce, which may include some reference to COVID-19 related efforts (if they are significant and form a large part of Defendants' business) or the fact that their devices are designed to be useful, treat medical conditions, et cetera.  (No. 2:18-cv-01509, ECF No. 311 at PageID #16836–37.)

For the reasons stated by this Court in MIL Order No. 8 issued in the context of *Johns* (No. 2:18-cv-01509, MIL Order 8, ECF No. 390 at PageID #20890–92), Parts 18 and 19 of Plaintiffs' Motion are granted in part but denied to the extent that it would prevent the admission of evidence regarding the adequacy of the warnings for the Ventralex, including the possible effect of warning dilution here.  The Court reiterates, however, that an expert must be qualified to testify as to the adequacy of warnings from a regulatory or legal perspective and an expert must be qualified to testify as to whether a warning adequately disclosed risks to the surgeon end-user.

**B. Plaintiffs' MIL No. 5**

The Court also previously addressed this issue in the context of *Johns*.  For the reasons stated in this Court's MIL Order Nos. 3 (No. 2:18-cv-01509, ECF No. 332) and 7 (No. 2:18-cv-01509, ECF No. 375), Plaintiffs' MIL No. 5 to exclude evidence regarding the "gold standard" and "standard of care," that other products or procedures would have caused the same or similar outcomes, or that the Ventralex is a "lifesaving" device (ECF No. 198) is **GRANTED IN PART** and **DENIED IN PART**.

### C. Plaintiffs' MIL No. 11

Plaintiffs' MIL No. 11 to exclude evidence regarding Plaintiffs' counsel (ECF No. 204) is **GRANTED**. Defendants do not oppose Plaintiffs' Motion, as long as the exclusion of evidence applies equally to both parties as it did in *Johns*. (ECF No. 242; No. 2:18-cv-01509, MIL Order No. 6, ECF No. 366.) Neither side will be permitted to introduce evidence related to the parties' counsel, nor to introduce evidence of the number of cases pending against Defendants.

### D. Plaintiffs' MIL No. 12

Plaintiffs' MIL No. 12 to exclude argument as to the potential impact of a plaintiffs' verdict on the availability of treatment options for patients and physicians (ECF No. 215) is **GRANTED**, consistent with the Court's rulings on Plaintiff's MIL No. 1.

### E. Plaintiffs' MIL No. 16

Plaintiffs' MIL No. 16 to exclude the FDA's hernia surgical mesh implants webpage (ECF No. 216) is **DENIED AS MOOT**. The Motion is a duplicate of the plaintiff's MIL No. 16 filed in *Johns* (No. 2:18-cv-01509, ECF No. 233) and appears to have been filed in error.

### F. Plaintiffs' MIL No. 17

For the reasons stated in this Court's MIL Order No. 6 in *Johns* (No. 2:18-cv-01509, ECF No. 366), Plaintiffs' MIL No. 17 to exclude evidence regarding the number of times an expert witness's testimony was accepted or rejected in other litigations (ECF No. 212) is **GRANTED IN PART** and **DENIED IN PART**. The parties may introduce evidence of how often an expert has served as an expert witness. However, the parties may not introduce evidence of how many times an expert's testimony has been rejected in another litigation.

6

### IV. Conclusion

For the reasons set forth above, Plaintiffs' MIL No. 1 (ECF No. 203) is **GRANTED IN PART** and **DENIED IN PART**; Plaintiffs' MIL No. 5 (ECF No. 198) is **GRANTED IN PART** and **DENIED IN PART**; Plaintiffs' MIL No. 11 (ECF No. 204) is **GRANTED**; Plaintiffs' MIL No. 12 (ECF No. 215) is **GRANTED**; Plaintiffs' MIL No. 16 (ECF No. 216) is **DENIED AS MOOT**; and Plaintiffs' MIL No. 17 (ECF No. 212) is **GRANTED IN PART** and **DENIED IN PART**.

As with all *in limine* decisions, this ruling is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

**IT IS SO ORDERED.**

**12/2/2021**                  **s/Edmund A. Sargus, Jr.**
**DATE**                        **EDMUND A. SARGUS, JR.**
                               **UNITED STATES DISTRICT JUDGE**