UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION | Case No. 2:18-md-2846<br><br>JUDGE EDMUND A. SARGUS, JR.<br>Magistrate Judge Kimberly A. Jolson |

**This document relates to:**
*Milanesi v. C.R. Bard*,
Case No. 2:18-cv-01320

### MOTIONS IN LIMINE OPINION & ORDER NO. 22

### Plaintiffs' Motion *in Limine* ("MIL") No. 8

Plaintiffs Antonio Milanesi and Alicia Morz de Milanesi filed a Motion *in Limine* to Exclude Certain Evidence Related to UCSF and Abbott Warning Letters (Plaintiffs' MIL No. 8, ECF No. 214), which was opposed by Defendants C.R. Bard, Inc. and Davol, Inc (ECF No. 244). For the reasons that follow, the Court **DENIES IN PART** and **DENIES IN PART AS MOOT** Plaintiffs' Motion.

### I. Background[1]

The Milanesis' case will be tried as the second bellwether selected from thousands of cases in this multidistrict litigation ("MDL") titled *In Re: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation*, 2:18-md-2846. The Judicial Panel on Multidistrict Litigation described the cases in this MDL as "shar[ing] common factual questions arising out of

---

[1] For a more complete factual background, the reader is directed to the Court's summary judgment opinion and order in this case *Milanesi v. C.R. Bard*, Case No. 2:18-cv-01320. (ECF No. 167.) All docket citations are to the *Milanesi* case, 2:18-cv-1320, unless otherwise noted.

allegations that defects in defendants' polypropylene hernia mesh products can lead to complications when implanted in patients, including adhesions, damage to organs, inflammatory and allergic responses, foreign body rejection, migration of the mesh, and infections." (Case No. 2:18-md-02846, ECF No. 1 at PageID #1–2.)

Plaintiffs bring this action to recover for injuries sustained as a result of the implantation of the Ventralex Large Hernia Patch, alleging that Defendants knew of the risks presented by the device but marketed and sold it despite these risks and without appropriate warnings. After summary judgment, the following claims remain for trial: defective design (strict liability), failure to warn (strict liability), negligence, gross negligence, negligent misrepresentation, fraud and fraudulent misrepresentation, fraudulent concealment, loss of consortium, and punitive damages.

The relevant facts here are that Mr. Milanesi underwent surgery to repair what appeared to be a recurrent hernia but was revealed to be a bowel erosion with a fistula and adhesions, which required a bowel resection. Shortly thereafter, Mr. Milanesi suffered a high-grade post-operative small bowel obstruction that required emergency surgery. Mr. Milanesi had the Ventralex Large Hernia Patch implanted ten years earlier to repair a hernia.

In Plaintiffs' MIL No. 8, they move to exclude under Federal Rule of Evidence 104(a) certain evidence, argument, and testimony concerning various evidence related to Plaintiffs' experts Dr. Kessler and Dr. Beatrice (Pls' MIL No. 8, ECF No. 214 at PageID #14927.)

## II.     Standards

"Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion *in limine*." *In re E.I. du Pont de Nemours & Co. C-8 Pers. Injury Litig.*, 348 F. Supp. 3d 698, 721 (S.D. Ohio 2016). The practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of

trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "The purpose of a motion *in limine* is to allow a court to rule on issues pertaining to evidence prior to trial to avoid delay and ensure an evenhanded and expedient trial." *In re E.I. du Pont*, 348 F. Supp. 3d at 721 (citing *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)).  However, courts are generally reluctant to grant broad exclusions of evidence before trial because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).  Unless a party proves that the evidence is clearly inadmissible on all potential grounds—a demanding requirement—"evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *see also Koch*, 2 F. Supp. 2d at 1388 ("[A] court is almost always better situated during the actual trial to assess the value and utility of evidence."). The denial, in whole or in part, of a motion *in limine* does not give a party license to admit all evidence contemplated by the motion; it simply means that the Court cannot adjudicate the motion outside of the trial context. *Ind. Ins Co.*, 326 F. Supp. 2d at 846.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Irrelevant evidence is" inadmissible. Fed. R. Evid. 402.  A court may exclude relevant evidence under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  Evidentiary rulings are made subject to the district court's sound discretion. *Frye v. CSX Trans., Inc.*, 933 F.3d 591, 598 (6th Cir. 2019); *see also Paschal v. Flagstar Bank*,

3

295 F.3d 565, 576 (6th Cir. 2002) ("In reviewing the trial court's decision for an abuse of discretion, the appellate court must view the evidence in the light most favorable to its proponent, giving the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value."). Hearsay is an out-of-court statement offered for the truth of the matter asserted. Fed. R. Evid. 801(a), (c). Unless a statement falls within an exception or exclusion set forth by the Federal Rules of Evidence, federal statute, or Supreme Court precedent, hearsay is inadmissible. Fed. R. Evid. 802.

### III. Analysis

Both parties agree that a similar issue was before this Court in the first bellwether case, *Johns v. C. R. Bard, Inc., et al.*, Case No 2:18-cv-01509. The Court granted in part and denied in part the plaintiff's motion to exclude the same evidence related to Dr. Kessler. (Case No 2:18-cv-01509, MIL Order No. 8, ECF No. 390.) The evidence related to Dr. Beatrice came up at trial, and the Court said that the letters could be used "to the extent [the letters go] to his credibility, to the extent [they] goes to his qualifications and experience, [Defendants] can use that. But not his character." (Case No 2:18-cv-01509, ECF No. 568 at PageID #30038.) The Court also said that the letters "can be used to refresh[,] [b]ut that doesn't make them admissible." (*Id.*) Plaintiffs note that in *Johns*, Defendants "did not use any letters, but Plaintiffs anticipate that defendants may attempt to do so in this trial." (Pls' MIL No. 8, ECF No. 214 at PageID #14934.)

#### A. Evidence Related to Dr. Kessler

In their Motion, Plaintiffs seek to exclude (1) a University of California San Francisco Medicine webpage regarding hernia repairs, (2) Dr. Kessler's waiver permitting outside sources of income, and (3) Dr. Kessler's termination due to a whistleblower suit. (Pls' MIL No. 8, ECF No. 214 at PageID #14927.) Plaintiffs have indicated that Dr. Kessler will not be called as a

4

witness at trial. Therefore, this portion of Plaintiff's Motion is **DENIED AS MOOT**.

### B. Evidence Related to Dr. Beatrice

In their Motion, Plaintiffs seek to exclude warning letters sent by the FDA to Abbott Laboratories while Dr. Beatrice was the Vice President of Regulatory and Quality Management Systems at Abbott. (Pls' MIL No. 8, ECF No. 214 at PageID #14934; Case No 2:18-cv-01509, ECF No. 568 at PageID #30037.) Plaintiffs ask specifically that "the Court require Defendants to disclose any such letters in advance of trial so that the Court may ascertain before trial whether the letters are in fact relevant to Dr. Beatrice's qualifications and experience. For example, letters that predate or post-date Dr. Beatrice's time at Abbott should be excluded. Moreover, there may be letters that Abbott received that relate to issues outside of Dr. Beatrice's work at Abbott, such as DDMAC letters. Dr. Beatrice did not oversee promotion of pharmaceutical agents and the issues raised in DDMAC letters are unlikely to be relevant to the regulatory issues that Dr. Beatrice would be offered to opine upon." (Pls' MIL No. 8, ECF No. 214 at PageID #14934–35.)

In Defendants' response, they agree to disclose any FDA warning letters they intend to use. (Defs' Mem. in Opp., ECF No. 244 at PageID #15711.) Defendants also state that, although it depends on Dr. Beatrice's testimony, Defendants are not likely to use the FDA warning letters. (*Id.*) Defendants also state that they do not intend to introduce the letters into evidence, but would use the letters, if at all, "solely for the limited basis this Court authorized in *Johns*," to the extent the letters go to Dr. Beatrice's credibility, qualifications, and experience. (*Id.*) Defendants also claim that if Plaintiffs open the door, Defendants should be able to use the letters to impeach Dr. Beatrice. (*Id.*) Lastly, Defendants suggest that the Court issue a limiting instruction to the jury "indicating the letters are not being offered for the truth of their contents, but only for Dr. Beatrice's knowledge and qualifications, nor do they constitute final FDA findings." (*Id.*)

The Court adopts its previous ruling, and concludes that the letters may be used for the same limited purpose that the Court allowed in *Johns*. (Case No 2:18-cv-01509, ECF No. 568 at PageID #30038.)  Defendants will disclose any FDA warning letters it intends to use.  If Defendants do use the letters, the Court may give the jury a limiting instruction.

### IV. Conclusion

For the reasons set forth above, the Court **DENIES IN PART** and **DENIES IN PART AS MOOT** Plaintiffs' MIL No. 8 (ECF No. 214).

As with all *in limine* decisions, this ruling is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

**IT IS SO ORDERED.**


**12/2/2021**                                                       **s/Edmund A. Sargus, Jr.**
**DATE**                                                           **EDMUND A. SARGUS, JR.**
                                                                  **UNITED STATES DISTRICT JUDGE**