UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION | Case No. 2:18-md-2846<br><br>JUDGE EDMUND A. SARGUS, JR.<br>Magistrate Judge Kimberly A. Jolson |

**This document relates to:**
*Milanesi v. C.R. Bard*,
Case No. 2:18-cv-01320

### MOTIONS IN LIMINE OPINION & ORDER NO. 23

### Defendants' Motion *in Limine* ("MIL") No. 20

Defendants C.R. Bard, Inc. and Davol, Inc. filed a Motion *in Limine* to Exclude Reference to C-8 (perfluorooctanoic acid) and the *In re: E.I. Du Pont de Nemours and Company C-8 Personal Injury Litigation* ("C-8 MDL") (ECF No. 194), which was opposed by Plaintiffs Antonio Milanesi and Alicia Morz de Milanesi (ECF No. 243). For the reasons that follow, the Court **GRANTS** Defendants' Motion.

### I. Background[1]

The Milanesis' case will be tried as the second bellwether selected from thousands of cases in this multidistrict litigation ("MDL") titled *In Re: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation*, 2:18-md-2846. The Judicial Panel on Multidistrict Litigation described the cases in this MDL as "shar[ing] common factual questions arising out of

---

[1] For a more complete factual background, the reader is directed to the Court's summary judgment opinion and order in this case *Milanesi v. C.R. Bard*, Case No. 2:18-cv-01320. (ECF No. 167.) All docket citations are to the *Milanesi* case, 2:18-cv-1320, unless otherwise noted.

allegations that defects in defendants' polypropylene hernia mesh products can lead to complications when implanted in patients, including adhesions, damage to organs, inflammatory and allergic responses, foreign body rejection, migration of the mesh, and infections." (Case No. 2:18-md-02846, ECF No. 1 at PageID #1–2.)

Plaintiffs bring this action to recover for injuries sustained as a result of the implantation of the Ventralex Large Hernia Patch, alleging that Defendants knew of the risks presented by the device but marketed and sold it despite these risks and without appropriate warnings. After summary judgment, the following claims remain for trial: defective design (strict liability), failure to warn (strict liability), negligence, gross negligence, negligent misrepresentation, fraud and fraudulent misrepresentation, fraudulent concealment, loss of consortium, and punitive damages.

The relevant facts here are that Mr. Milanesi underwent surgery to repair what appeared to be a recurrent hernia but was revealed to be a bowel erosion with a fistula and adhesions, which required a bowel resection. Shortly thereafter, Mr. Milanesi suffered a high-grade post-operative small bowel obstruction that required emergency surgery. Mr. Milanesi had the Ventralex Large Hernia Patch implanted ten years earlier to repair a hernia.

In Defendants' MIL No. 20, they move to exclude as irrelevant all evidence and argument concerning C-8 and the C-8 MDL. (Defs' MIL No. 20, ECF No. 194.)

## II. Standards

"Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion *in limine*." *In re E.I. du Pont de Nemours & Co. C-8 Pers. Injury Litig.*, 348 F. Supp. 3d 698, 721 (S.D. Ohio 2016). The practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "The purpose of a motion *in limine* is

2

to allow a court to rule on issues pertaining to evidence prior to trial to avoid delay and ensure an evenhanded and expedient trial." *In re E.I. du Pont*, 348 F. Supp. 3d at 721 (citing *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)).  However, courts are generally reluctant to grant broad exclusions of evidence before trial because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).  Unless a party proves that the evidence is clearly inadmissible on all potential grounds—a demanding requirement—"evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *see also Koch*, 2 F. Supp. 2d at 1388 ("[A] court is almost always better situated during the actual trial to assess the value and utility of evidence."). The denial, in whole or in part, of a motion *in limine* does not give a party license to admit all evidence contemplated by the motion; it simply means that the Court cannot adjudicate the motion outside of the trial context. *Ind. Ins Co.*, 326 F. Supp. 2d at 846.

      Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Irrelevant evidence is" inadmissible. Fed. R. Evid. 402. A court may exclude relevant evidence under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidentiary rulings are made subject to the district court's sound discretion. *Frye v. CSX Trans., Inc.*, 933 F.3d 591, 598 (6th Cir. 2019); *see also Paschal v. Flagstar Bank*, 295 F.3d 565, 576 (6th Cir. 2002) ("In reviewing the trial court's decision for an abuse of

discretion, the appellate court must view the evidence in the light most favorable to its proponent, giving the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value.").

### III. Analysis

Both parties agree that a similar issue was before this Court in the first bellwether case, *Johns v. C. R. Bard, Inc., et al.*, Case No 2:18-cv-01509, where Defendants moved to exclude the same evidence regarding C-8 and the C-8 MDL. The Court denied the motion as moot because the plaintiff agreed not to raise the issue at trial. (Case No 2:18-cv-01509, MIL Order No. 9, ECF No. 393.)

In response to Defendants' motion, Plaintiffs argue that Defendants' expert in *Johns* "relied on his own interpretation of why DuPont changed their MSDS for C-8 to substantiate his opinion on the MSDS here." (Pls' Mem. in Opp., ECF No. 243 at PageID #15703.) Plaintiffs argue that if such testimony is permitted in this trial, Plaintiffs should be able to introduce C-8 evidence to rebut such testimony. (*Id.*) Plaintiffs also claim that Defendants' Motion is overly broad.

Defendants point out that there is no allegation in this case that C-8 was at all related to Plaintiffs' injuries, and "there is no basis whatsoever to present evidence or argument on it in a case where cancer or injury from exposure is not alleged." This Court agrees, and at this point **GRANTS** Defendants' Motion. In the event that the need to reveal Defendants' expert witness's specific knowledge related to the C-8 MSDS arises, the Court will address the issue in the context of trial.

### IV. Conclusion

For the reasons set forth above, the Court **GRANTS** Defendants' MIL No. 20 (ECF No. 194).

As with all *in limine* decisions, this ruling is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

**IT IS SO ORDERED.**


**12/2/2021**　　　　　　　　　　　　　　　　**s/Edmund A. Sargus, Jr.**
**DATE**　　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**