UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION

Case No. 2:18-md-2846

JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

**This document relates to:**
*Milanesi v. C.R. Bard*,
Case No. 2:18-cv-1320

MOTIONS IN LIMINE OPINION & ORDER NO. 24

Defendants' Motions *in Limine* ("MILs") Nos. 19 & 21

Defendants C.R. Bard, Inc. and Davol, Inc. filed Motions *in Limine* to Exclude Evidence and Argument Concerning Any Impact of Plaintiffs' Alleged Injuries on Family and Friends (Defendants' MIL No. 19, ECF No. 193), and to Limit the Use of Any Deposition Testimony and Exhibits During Opening Statements (Defendants' MIL No. 21, ECF No. 177) which are opposed by Plaintiffs Antonio Milanesi and Alicia Morz de Milanesi (ECF Nos. 237 & 246). For the reasons that follow, the Court **GRANTS** Defendants' MIL No. 19 and Defendants' MIL No. 21.

I. Background[1]

The Milanesis' case will be tried as the second bellwether selected from thousands of cases in this multidistrict litigation ("MDL") titled *In Re: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation*, 2:18-md-2846. The Judicial Panel on Multidistrict

---

[1] For a more complete factual background, the reader is directed to the Court's summary judgment opinion and order in this case *Milanesi v. C.R. Bard*, Case No. 2:18-cv-01320. (ECF No. 167.) All docket citations are to the *Milanesi* case, 2:18-cv-1320, unless otherwise noted.

Litigation described the cases in this MDL as "shar[ing] common factual questions arising out of allegations that defects in defendants' polypropylene hernia mesh products can lead to complications when implanted in patients, including adhesions, damage to organs, inflammatory and allergic responses, foreign body rejection, migration of the mesh, and infections." (Case No. 2:18-md-02846, ECF No. 1 at PageID #1–2.)

Plaintiffs bring this action to recover for injuries sustained as a result of the implantation of the Ventralex Large Hernia Patch, alleging that Defendants knew of the risks presented by the device but marketed and sold it despite these risks and without appropriate warnings. After summary judgment, the following claims remain for trial: defective design (strict liability), failure to warn (strict liability), negligence, gross negligence, negligent misrepresentation, fraud and fraudulent misrepresentation, fraudulent concealment, loss of consortium, and punitive damages.

The relevant facts here are that Mr. Milanesi underwent surgery to repair what appeared to be a recurrent hernia but was revealed to be a bowel erosion with a fistula and adhesions, which required a bowel resection. Shortly thereafter, Mr. Milanesi suffered a high-grade post-operative small bowel obstruction that required emergency surgery. Mr. Milanesi had the Ventralex Large Hernia Patch implanted ten years earlier to repair a hernia.

## II. Standards

"Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion *in limine*." *In re E.I. du Pont de Nemours & Co. C-8 Pers. Injury Litig.*, 348 F. Supp. 3d 698, 721 (S.D. Ohio 2016). The practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "The purpose of a motion *in limine* is to allow a court to rule on issues pertaining to evidence prior to trial to avoid delay and ensure an

evenhanded and expedient trial." *In re E.I. du Pont*, 348 F. Supp. 3d at 721 (citing *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)).  However, courts are generally reluctant to grant broad exclusions of evidence before trial because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).  Unless a party proves that the evidence is clearly inadmissible on all potential grounds—a demanding requirement—"evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *see also Koch*, 2 F. Supp. 2d at 1388 ("[A] court is almost always better situated during the actual trial to assess the value and utility of evidence."). The denial, in whole or in part, of a motion *in limine* does not give a party license to admit all evidence contemplated by the motion; it simply means that the Court cannot adjudicate the motion outside of the trial context. *Ind. Ins Co.*, 326 F. Supp. 2d at 846.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  "Irrelevant evidence is" inadmissible.  Fed. R. Evid. 402.  A court may exclude relevant evidence under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  Evidentiary rulings are made subject to the district court's sound discretion. *Frye v. CSX Trans., Inc.*, 933 F.3d 591, 598 (6th Cir. 2019); *see also Paschal v. Flagstar Bank*, 295 F.3d 565, 576 (6th Cir. 2002) ("In reviewing the trial court's decision for an abuse of discretion, the appellate court must view the evidence in the light most favorable to its proponent,

giving the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value.").

### III. Analysis

Both parties agree that similar issues were before this Court in the first bellwether case, *Johns v. C. R. Bard, Inc., et al.*, Case No 2:18-cv-01509. The Court granted Defendants' motion to exclude evidence of the impact of the plaintiff's injuries on family and friends. (Case No 2:18-cv-01509, MIL Order No. 1-A, ECF No. 330 at PageID #17882.) At the August 27, 2020 MIL hearing in *Johns*, the Court allowed the plaintiff to "talk about anything that is arguably connected to what happened in this case, what happened to him specifically. He can talk about what it did to his relationships. But he can't talk about injuries to . . . anybody else." (Case No 2:18-cv-01509, ECF No. 311 at PageID #16856.) Additionally, the Court allowed the plaintiff to "present evidence of photos including Plaintiff's family," and provided that the Court may give an instruction to the jury "that there is not to be any consideration of any injury to any people not in this case, including Plaintiff's family members." (Case No 2:18-cv-01509, MIL Order No. 1-A, ECF No. 330 at PageID #17882.) To be clear, in *Johns*, there was no loss of consortium claim. In this case, there is. Mrs. Milanesi has her own claim to pursue, independent of this motion.

The Court granted in part and denied in part Defendants' motion to exclude the use of deposition testimony and exhibits during opening statements in *Johns*. (Case No 2:18-cv-01509, MIL Order No. 6, ECF No. 366 at PageID #18931.) The parties were permitted to "characterize, quote, and summarize depositions, as well as present slides with pertinent characterizations, quotes, and summaries, during opening argument. However, they [could] not quote more than one page of depositions, nor [could] they present deposition videos." (*Id.*)

### A. Defendants' MIL No. 19

Defendants argue that any impacts of Plaintiffs' injuries on nonparties is irrelevant, unfairly prejudicial, confusing, and would waste time. (Defs' MIL No. 19, ECF No. 193.) Defendants acknowledge that, unlike in *Johns*, this case includes a loss of consortium claim by Mr. Milanesi's wife, so certain impacts of Mr. Milanesi's injuries on Mrs. Milanesi are relevant. However, with respect to Plaintiffs' family and friends, Defendants ask that the Court adopt its ruling in *Johns*, with the caveat that "Plaintiffs must provide [Defendants] with copies of any photographs they intend to use before trial begins." (*Id.* at PageID #14438.) Plaintiffs agree that their friends and family are not parties and cannot recover for their own emotional distress, but argue that Defendants' Motion is too broad and "the Defendants' conduct injured the Plaintiffs, and the injuries caused [Plaintiffs] emotional distress and mental anguish in the form of damaged relationships with friends and family." (Pls' Mem. in Opp., ECF No. 237 at PageID #15341.) The Court adopts its previous ruling in *Johns*. Plaintiffs may discuss what happened to them specifically but may not discuss injuries to anyone else. Plaintiffs may present evidence of photos including Plaintiffs' family but will provide Defendants with copies of photographs they intend to use prior to the start of trial. The Court may give an instruction to the jury that there is to be no consideration of any injury to people not in this case, including Plaintiffs' friends and family.

### B. Defendants' MIL No. 21

In *Johns*, Defendants moved to completely exclude the use of deposition testimony and exhibits during opening statements. (Case No 2:18-cv-01509, ECF No. 225.) However, in this case Defendants move only to limit the use of deposition testimony and exhibits during opening statements and ask that the Court adopt its previous ruling in *Johns*. (Defs' MIL No. 21, ECF No. 177; Case No 2:18-cv-01509, MIL Order No. 6, ECF No. 366 at PageID #18931.) Defendants

5

argue that the use of deposition testimony and exhibits during opening statements "undermines the limited purpose of providing the jury a concise summary of central case issues, [] effectively allows counsel to argue evidence twice . . . [and] would consume already sparse trial time." (Defs' MIL No. 21, ECF No. 177 at PageID #13770.) This Court agrees. Plaintiffs respond that "the jury will be dealing with a tremendous amount of information and evidence throughout the trial in this case," and that using deposition testimony at the outset of the trial is critical to giving the jury context to understand the evidence it will receive during trial. (Pls' Mem. in Opp., ECF No. 237 at PageID #15341.) Although Plaintiffs state that "this products liability action is a complex one and each case does have its differences," Plaintiffs do not point to anything in this case that would justify a different ruling. (*Id.*) Therefore, the Court adopts its previous ruling in *Johns*. (Case No 2:18-cv-01509, MIL Order No. 6, ECF No. 366 at PageID #18931.) The parties may characterize, quote, and summarize depositions, as well as present slides with pertinent characterizations, quotes, and summaries, during opening argument. However, they may not quote more than one page of depositions, nor may they present deposition videos.

## IV. Conclusion

For the reasons set forth above, the Court **GRANTS** Defendants' MIL No. 19 (ECF No. 193) and Defendants' MIL No. 21 (ECF No. 177).

As with all *in limine* decisions, this ruling is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

**IT IS SO ORDERED.**

**12/7/2021**                                          s/Edmund A. Sargus, Jr.
**DATE**                                             **EDMUND A. SARGUS, JR.**
                                                           **UNITED STATES DISTRICT JUDGE**