UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION | Case No. 2:18-md-2846<br><br>JUDGE EDMUND A. SARGUS, JR.<br>Magistrate Judge Kimberly A. Jolson |

**This document relates to:**
*Milanesi v. C.R. Bard*,
Case No. 2:18-cv-01320

## MOTIONS IN LIMINE OPINION & ORDER NO. 25

### Plaintiffs' Motion *in Limine* ("MIL") No. 10

Plaintiffs Antonio Milanesi and Alicia Morz de Milanesi filed a Motion *in Limine* to Exclude Any Evidence or Argument Concerning the Alleged Negligence or Fault of Mr. Milanesi's Implanting Surgeon Dr. Gill (Plaintiffs' MIL No. 10, ECF No. 208), which is opposed by Defendants C.R. Bard, Inc. and Davol, Inc. (ECF No. 245). For the reasons that follow, the Court **DENIES IN PART** and **DENIES IN PART AS MOOT** Plaintiffs' MIL No. 10.

### I.   Background[1]

The Milanesis' case will be tried as the second bellwether selected from thousands of cases in this multidistrict litigation ("MDL") titled *In Re: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation*, 2:18-md-2846. The Judicial Panel on Multidistrict Litigation described the cases in this MDL as "shar[ing] common factual questions arising out of

---

[1] For a more complete factual background, the reader is directed to the Court's summary judgment opinion and order in this case *Milanesi v. C.R. Bard*, Case No. 2:18-cv-01320. (ECF No. 167.) All docket citations are to the *Milanesi* case, 2:18-cv-1320, unless otherwise noted.

allegations that defects in defendants' polypropylene hernia mesh products can lead to complications when implanted in patients, including adhesions, damage to organs, inflammatory and allergic responses, foreign body rejection, migration of the mesh, and infections." (Case No. 2:18-md-02846, ECF No. 1 at PageID #1–2.)

Plaintiffs bring this action to recover for injuries sustained as a result of the implantation of the Ventralex Large Hernia Patch, alleging that Defendants knew of the risks presented by the device but marketed and sold it despite these risks and without appropriate warnings. After summary judgment, the following claims remain for trial: defective design (strict liability), failure to warn (strict liability), negligence, gross negligence, negligent misrepresentation, fraud and fraudulent misrepresentation, fraudulent concealment, loss of consortium, and punitive damages.

The relevant facts here are that Mr. Milanesi underwent a surgical repair for an approximately two-centimeter umbilical hernia on July 11, 2007. (ECF No. 167.) Dr. Karanbir Gill, Mr. Milanesi's implanting surgeon, decided to use a large Ventralex patch for the repair. (*Id.*) A large Ventralex patch has an eight-centimeter diameter. (*Id.*) Dr. Gill considered a non-mesh, or primary, repair, but elected to use the Ventralex because there was "undue tension" and he "could not do a primary repair." (*Id.*) In 2017, Mr. Milanesi underwent surgery to repair what appeared to be a recurrent hernia but was revealed to be a bowel erosion with a fistula and adhesions, which required a bowel resection. (*Id.*) Shortly thereafter, Mr. Milanesi suffered a high-grade post-operative small bowel obstruction that required emergency surgery. (*Id.*)

In Plaintiffs' MIL No. 10, they move to exclude as irrelevant, prejudicial, and speculative evidence or argument concerning alleged negligence or fault of Dr. Gill, the surgeon who implanted Mr. Milanesi's Ventralex Large Hernia Patch. (Pls' MIL No. 10, ECF No. 208 at PageID #14805.) Plaintiffs also claim that Defendants cannot allege that Dr. Gill caused Mr.

Milanesi's injuries because Dr. Gill has not been joined as a non-party *Fabre* defendant under Florida law. (*Id.* at PageID #14804–05.)

## II. Standards

"Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion *in limine*." *In re E.I. du Pont de Nemours & Co. C-8 Pers. Injury Litig.*, 348 F. Supp. 3d 698, 721 (S.D. Ohio 2016). The practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "The purpose of a motion *in limine* is to allow a court to rule on issues pertaining to evidence prior to trial to avoid delay and ensure an evenhanded and expedient trial." *In re E.I. du Pont*, 348 F. Supp. 3d at 721 (citing *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)). However, courts are generally reluctant to grant broad exclusions of evidence before trial because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Unless a party proves that the evidence is clearly inadmissible on all potential grounds—a demanding requirement—"evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *see also Koch*, 2 F. Supp. 2d at 1388 ("[A] court is almost always better situated during the actual trial to assess the value and utility of evidence."). The denial, in whole or in part, of a motion *in limine* does not give a party license to admit all evidence contemplated by the motion; it simply means that the Court cannot adjudicate the motion outside of the trial context. *Ind. Ins Co.*, 326 F. Supp. 2d at 846.

Relevant evidence is "evidence having any tendency to make the existence of any fact that

3

is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Irrelevant evidence is" inadmissible. Fed. R. Evid. 402. A court may exclude relevant evidence under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidentiary rulings are made subject to the district court's sound discretion. *Frye v. CSX Trans., Inc.*, 933 F.3d 591, 598 (6th Cir. 2019); *see also Paschal v. Flagstar Bank*, 295 F.3d 565, 576 (6th Cir. 2002) ("In reviewing the trial court's decision for an abuse of discretion, the appellate court must view the evidence in the light most favorable to its proponent, giving the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value.").

### III. Analysis

#### A. Evidence of Dr. Gill's Alleged Negligence or Fault

Plaintiffs argue that any evidence or argument that Dr. Gill caused Plaintiffs' injuries is irrelevant, prejudicial, and speculative. (Pls' MIL No. 10, ECF No. 208 at PageID #14805.) Plaintiffs claim that there has been "no testimony elicited that indicated Dr. Gill deviated from the recommended steps [in inserting the Ventralex], or made any mistakes in the implantation of the Ventralex patch in Mr. Milanesi." (*Id.* at PageID #14806.) According to Plaintiffs' motion, expert testimony "that Dr. Gill did not follow the instructions for use [("IFU")] or the technique guide in the absence of documentation or testimony from fact witnesses to that effect would be to invite impermissible speculation from the experts." (*Id.*) Plaintiffs also argue that testimony that Dr. Gill's selection of the large Ventralex patch caused Mr. Milanesi's injuries would be irrelevant, prejudicial, and confusing because nothing in the IFU indicated that the large Ventralex patch

4

would be an improper choice for Mr. Milanesi's hernia. (*Id.* at 14807.) Defendants respond that evidence of Dr. Gill's treatment choices and the consequences of those choices is highly relevant to the issues in this case. (Defs' Mem. in Opp., ECF No. 245 at PageID #15723.) Defendants argue that a critical part of their story of the case is Dr. Gill's choice of the large Ventralex patch. (*Id.*)

The Court has already addressed the issue of evidence that Dr. Gill caused Mr. Milanesi's injuries in its Evidentiary Motions Order ("EMO") No. 22 (ECF No. 272) regarding Plaintiffs' Motions to Exclude Defense Experts Dr. Gleit (ECF No. 74) and Dr. Gillian (ECF No. 77). Defendants' expert, Dr. Gleit, offers opinions based on his personal experience and on Dr. Gill's operative report regarding Dr. Gill's surgical technique and selection of the large Ventralex. (ECF No. 74-6.) Dr. Gillian also offers opinions regarding Dr. Gill's surgical technique. (ECF No. 77-5.) As to both experts, the Court ruled that there is support in the record for their opinions regarding Dr. Gill, and it is up to the jury to weigh the evidence and expert witness testimony. Consequently, because Dr. Gill's surgical technique and selection of the large Ventralex are discussed in the expert opinions, and have been reviewed by this Court, such evidence will not be excluded. Plaintiffs also argue that evidence regarding Dr. Gill's surgical technique and selection of the large Ventralex is unduly prejudicial and will confuse the jury. However, considering the nature of this case, the defenses raised, and the extent of expert testimony related to this issue, the matter is material and unlikely to confuse the jury. Therefore, this portion of Plaintiffs' Motion is **DENIED**.

### B. Dr. Gill as a *Fabre* Defendant

In their MIL No. 10, Plaintiffs also argue that Defendants should not be permitted to present "any evidence or argument that Plaintiff's damages were caused by [Dr. Gill]" because Dr. Gill

has not been properly plead as a *Fabre* defendant. (Pls' MIL No. 10, ECF No. 208 at PageID #14804.)  *See Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993) (establishing that a nonparty may be assigned fault if the nonparty contributed to the plaintiff's injury).  However, "the *Fabre* rule only applies when a defendant is seeking to apportion fault by establishing the comparative negligence of a non-party. It does not prohibit a defendant from arguing that the conduct of a non-party is the proximate cause of plaintiff's injuries." *Dover v. R.J. Reynolds Tobacco Co.*, No. 3:09-CV-11531 SAS, 2014 WL 4723116, at *3 (M.D. Fla. Sept. 22, 2014).  In their response to the Plaintiffs' Motion *in Limine*, Defendants state that they have not yet decided whether they will request that Dr. Gill be included on the verdict form as a *Fabre* defendant.  (Defs' Mem. in Opp., ECF No. 245 at PageID #15727.)  Therefore, this portion of Plaintiffs' Motion is **DENIED AS MOOT**.  In the event that Defendants decide to request to add Dr. Gill to the verdict form as a *Fabre* defendant, the Court will address the issue in the context of trial.

### IV.   Conclusion

For the reasons set forth above, the Court **DENIES IN PART** and **DENIES IN PART AS MOOT** Plaintiffs' MIL No. 10 (ECF No. 208).

As with all *in limine* decisions, this ruling is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

**IT IS SO ORDERED.**


**12/7/2021**                                                         s/Edmund A. Sargus, Jr.
**DATE**                                                              **EDMUND A. SARGUS, JR.**
                                                                      **UNITED STATES DISTRICT JUDGE**