UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION** | Case No. 2:18-md-2846<br><br>**JUDGE EDMUND A. SARGUS, JR.**<br>**Magistrate Judge Kimberly A. Jolson** |
| **This document relates to:**<br>*Milanesi v. C.R. Bard*,<br>Case No. 2:18-cv-01320 | |

## MOTIONS IN LIMINE OPINION & ORDER NO. 26

### Plaintiffs' Motion *in Limine* ("MIL") No. 19

Plaintiffs Antonio Milanesi and Alicia Morz de Milanesi filed a Motion *in Limine* to Prohibit Defendants, Their Counsel, or Witnesses From Stating That "All Doctors" Know the Risks of Injuries Suffered by Mr. Milanesi (Plaintiffs' MIL No. 19, ECF No. 200), which is opposed by Defendants C.R. Bard, Inc. and Davol, Inc. (ECF No. 225). For the reasons that follow, the Court **GRANTS** Plaintiffs' MIL No. 19.

### I. Background[1]

The Milanesis' case will be tried as the second bellwether selected from thousands of cases in this multidistrict litigation ("MDL") titled *In Re: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation*, 2:18-md-2846. The Judicial Panel on Multidistrict Litigation described the cases in this MDL as "shar[ing] common factual questions arising out of

---

[1] For a more complete factual background, the reader is directed to the Court's summary judgment opinion and order in this case *Milanesi v. C.R. Bard*, Case No. 2:18-cv-01320. (ECF No. 167.) All docket citations are to the *Milanesi* case, 2:18-cv-1320, unless otherwise noted.

allegations that defects in defendants' polypropylene hernia mesh products can lead to complications when implanted in patients, including adhesions, damage to organs, inflammatory and allergic responses, foreign body rejection, migration of the mesh, and infections." (Case No. 2:18-md-02846, ECF No. 1 at PageID #1–2.)

Plaintiffs bring this action to recover for injuries sustained as a result of the implantation of the Ventralex Large Hernia Patch, alleging that Defendants knew of the risks presented by the device but marketed and sold it despite these risks and without appropriate warnings. After summary judgment, the following claims remain for trial: defective design (strict liability), failure to warn (strict liability), negligence, gross negligence, negligent misrepresentation, fraud and fraudulent misrepresentation, fraudulent concealment, loss of consortium, and punitive damages.

The relevant facts here are that Mr. Milanesi underwent surgery to repair what appeared to be a recurrent hernia but was revealed to be a bowel erosion with a fistula and adhesions, which required a bowel resection. Shortly thereafter, Mr. Milanesi suffered a high-grade post-operative small bowel obstruction that required emergency surgery. Mr. Milanesi had the Ventralex Large Hernia Patch implanted ten years earlier to repair a hernia.

In Plaintiffs' MIL No. 19, they move to exclude under Federal Rules of Evidence 403 and 602 statements and testimony that "all doctors" know of the risks of the injuries suffered by Mr. Milanesi. (Pls' MIL No. 19, ECF No. 200.)

## II. Standards

"Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion *in limine*." *In re E.I. du Pont de Nemours & Co. C-8 Pers. Injury Litig.*, 348 F. Supp. 3d 698, 721 (S.D. Ohio 2016). The practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of

2

trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "The purpose of a motion *in limine* is to allow a court to rule on issues pertaining to evidence prior to trial to avoid delay and ensure an evenhanded and expedient trial." *In re E.I. du Pont*, 348 F. Supp. 3d at 721 (citing *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)). However, courts are generally reluctant to grant broad exclusions of evidence before trial because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Unless a party proves that the evidence is clearly inadmissible on all potential grounds—a demanding requirement—"evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *see also Koch*, 2 F. Supp. 2d at 1388 ("[A] court is almost always better situated during the actual trial to assess the value and utility of evidence."). The denial, in whole or in part, of a motion *in limine* does not give a party license to admit all evidence contemplated by the motion; it simply means that the Court cannot adjudicate the motion outside of the trial context. *Ind. Ins Co.*, 326 F. Supp. 2d at 846.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Irrelevant evidence is" inadmissible. Fed. R. Evid. 402. A court may exclude relevant evidence under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidentiary rulings are made subject to the district court's sound discretion. *Frye v. CSX Trans., Inc.*, 933 F.3d 591, 598 (6th Cir. 2019); *see also Paschal v. Flagstar Bank*,

3

295 F.3d 565, 576 (6th Cir. 2002) ("In reviewing the trial court's decision for an abuse of discretion, the appellate court must view the evidence in the light most favorable to its proponent, giving the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value."). Rule 602 provides that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

### III. Analysis

Both parties agree that similar issues were before this Court in the first bellwether case, *Johns v. C. R. Bard, Inc., et al.*, Case No 2:18-cv-01509. The Court granted the plaintiff's motion to prohibit statements and testimony that "all doctors" know of the risks of injuries suffered by the plaintiff. (Case No 2:18-cv-01509, MIL Order No. 1-A, ECF No. 330 at PageID #17882.) At the August 27, 2020 MIL hearing in *Johns*, the Court stated:

> Certainly part of this case is medical practice and procedure. I would not let a witness get on the stand and talk about what all doctors know. There are other ways to do that that would be admissible evidence, and that would be what training did you receive, what are the procedures in the hospital where you practice, are you familiar with other hospital practices, et cetera. You know how to do it. But we're not bringing a doctor on to give a survey of other doctors. That's my only concern. This really has to do with the framing more than it does with the substance.

(Case No 2:18-cv-01509, ECF No. 311 at PageID #16855.)

Plaintiffs argue that "statements about what all doctors know or what everyone in the medical community knows are inherently speculative and prohibited under Federal Rule of Evidence 602, which only permits factual testimony based on a witness's personal knowledge. . . . No one in this case, and certainly none of Defendants' anticipated fact [or expert] witnesses, have sufficient personal knowledge to make blanket statements purporting to speak for all doctors or everyone in the medical community." (Pls' MIL No. 19, ECF No. 200 at PageID #14700.) This

4

Court agrees, and therefore adopts its previous ruling in *Johns*. Defendants may not present testimony or argument purporting to speak on behalf of all doctors or the entire medical community. Pursuant to Rule 602, Defendants' witnesses may only speak to matters of which they have personal knowledge.

In their Motion and Opposition, both parties refer to the plaintiff's motion for a new trial in *Johns*. However, this Order does not purport to rule on the motion for a new trial in *Johns*, and is only in reference to Plaintiffs' MIL No. 19 in this case.

### IV. Conclusion

For the reasons set forth above, the Court **GRANTS** Plaintiffs' MIL No. 19 (ECF No. 200).

As with all *in limine* decisions, this ruling is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

**IT IS SO ORDERED.**

**12/7/2021**  
**DATE**

s/Edmund A. Sargus, Jr.  
**EDMUND A. SARGUS, JR.**  
**UNITED STATES DISTRICT JUDGE**