UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION | Case No. 2:18-md-2846<br><br>JUDGE EDMUND A. SARGUS, JR.<br>Magistrate Judge Kimberly A. Jolson |

**This document relates to:**
*Milanesi v. C.R. Bard*,
Case No. 2:18-cv-01320

### MOTIONS IN LIMINE OPINION & ORDER NO. 28

### Defendants' Motion *in Limine* ("MIL") No. 15

Defendants C.R. Bard, Inc. and Davol, Inc. filed a Motion *in Limine* to Exclude Evidence and Argument Concerning Marketing Materials Created and Statements Made After the Implant Surgery and/or Not Relied Upon by Dr. Gill (Defendants' MIL No. 15, ECF No. 186), which is opposed by Plaintiffs Antonio Milanesi and Alicia Morz de Milanesi (ECF No. 253). For the reasons that follow, the Court **DENIES WITHOUT PREJUDICE** Defendants' MIL No. 15.

### I. Background[1]

The Milanesis' case will be tried as the second bellwether selected from thousands of cases in this multidistrict litigation ("MDL") titled *In Re: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation*, 2:18-md-2846. The Judicial Panel on Multidistrict Litigation described the cases in this MDL as "shar[ing] common factual questions arising out of

---

[1] For a more complete factual background, the reader is directed to the Court's summary judgment opinion and order in this case *Milanesi v. C.R. Bard*, Case No. 2:18-cv-01320. (ECF No. 167.) All docket citations are to the *Milanesi* case, 2:18-cv-1320, unless otherwise noted.

allegations that defects in defendants' polypropylene hernia mesh products can lead to complications when implanted in patients, including adhesions, damage to organs, inflammatory and allergic responses, foreign body rejection, migration of the mesh, and infections." (Case No. 2:18-md-02846, ECF No. 1 at PageID #1–2.)

Plaintiffs bring this action to recover for injuries sustained as a result of the implantation of the Ventralex Large Hernia Patch, alleging that Defendants knew of the risks presented by the device but marketed and sold it despite these risks and without appropriate warnings. After summary judgment, the following claims remain for trial: defective design (strict liability), failure to warn (strict liability), negligence, gross negligence, negligent misrepresentation, fraud and fraudulent misrepresentation, fraudulent concealment, loss of consortium, and punitive damages.

The relevant facts here are that Mr. Milanesi underwent surgery to repair what appeared to be a recurrent hernia but was revealed to be a bowel erosion with a fistula and adhesions, which required a bowel resection. Shortly thereafter, Mr. Milanesi suffered a high-grade post-operative small bowel obstruction that required emergency surgery. Mr. Milanesi had the Ventralex Large Hernia Patch implanted ten years earlier to repair a hernia.

In Defendants' MIL No. 15, they move to exclude evidence of marketing materials created after Mr. Milanesi's implant surgery and/or not relied on by Mr. Milanesi's implanting surgeon, Dr. Gill. (Defs' MIL No. 15, ECF No. 186.)

## II. Standards

"Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion *in limine*." *In re E.I. du Pont de Nemours & Co. C-8 Pers. Injury Litig.*, 348 F. Supp. 3d 698, 721 (S.D. Ohio 2016). The practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of

trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "The purpose of a motion *in limine* is to allow a court to rule on issues pertaining to evidence prior to trial to avoid delay and ensure an evenhanded and expedient trial." *In re E.I. du Pont*, 348 F. Supp. 3d at 721 (citing *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)). However, courts are generally reluctant to grant broad exclusions of evidence before trial because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Unless a party proves that the evidence is clearly inadmissible on all potential grounds—a demanding requirement—"evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *see also Koch*, 2 F. Supp. 2d at 1388 ("[A] court is almost always better situated during the actual trial to assess the value and utility of evidence."). The denial, in whole or in part, of a motion *in limine* does not give a party license to admit all evidence contemplated by the motion; it simply means that the Court cannot adjudicate the motion outside of the trial context. *Ind. Ins Co.*, 326 F. Supp. 2d at 846.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Irrelevant evidence is" inadmissible. Fed. R. Evid. 402. A court may exclude relevant evidence under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidentiary rulings are made subject to the district court's sound discretion. *Frye v. CSX Trans., Inc.*, 933 F.3d 591, 598 (6th Cir. 2019); *see also Paschal v. Flagstar Bank*,

295 F.3d 565, 576 (6th Cir. 2002) ("In reviewing the trial court's decision for an abuse of discretion, the appellate court must view the evidence in the light most favorable to its proponent, giving the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value.").

### III.    Analysis

Both parties agree that a similar issue was before this Court in the first bellwether case, *Johns v. C. R. Bard, Inc., et al.*, Case No 2:18-cv-01509.  At an October 28, 2020 MIL hearing in *Johns*, the Court explained that Defendants' motion was too vague and broad to rule on as filed. As the Court stated, "[t]he problem I have [is] . . . I need to have this focused a little better. . . . Marketing materials can mean a lot of different things and I really need the specifics. . . . Basically, there's just not enough here [] to make a ruling." (Case No 2:18-cv-01509, ECF No. 360 at PageID #18816.)  The Court reserved judgment on the motion and ordered the parties to identify the marketing materials in question.  (Case No 2:18-cv-01509, MIL Order No. 6, ECF No. 366 at PageID #18929.)  After multiple rounds of briefing and oral argument, the Court granted in part and denied in part Defendants' motion.  (Case No 2:18-cv-01509, MIL Order No. 12, ECF No. 455.)

In this case, Defendants present this issue to the Court in the same broad manner as they did in *Johns*.  In *Johns*, the Court required multiple rounds of supplemental briefing and oral argument to narrow the issue before the Court could reach a ruling.  Despite the Court requiring a narrower framing of the issue in *Johns*, Defendants in this case again filed a broad MIL and failed to specify what types of marketing materials they wish to exclude.  The Court cannot grant Defendants' Motion because it is not clear with the Court is being asked to exclude.  Therefore, Defendants' Motion is **DENIED WITHOUT PREJUDICE**.

4

Defendants also argue that "any marketing materials created after Mr. Milanesi's [July 11, 2007] implant surgery have nothing to do with either Dr. Gill's decision to utilize the Ventralex large in Mr. Milanesi or [Defendants'] knowledge at the time of the implant surgery, rendering them irrelevant to this case." (Defs' MIL No. 15, ECF No. 186 at PageID #13978.)  The issue of post-surgery evidence as it relates to notice and the Plaintiffs' claim of a continuing duty to warn will be addressed in a later MIL Order.

### IV. Conclusion

For the reasons set forth above, the Court **DENIES WITHOUT PREJUDICE** Defendants' MIL No. 15 (ECF No. 186).

As with all *in limine* decisions, this ruling is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

**IT IS SO ORDERED.**

**12/8/2021**                                    s/Edmund A. Sargus, Jr.
**DATE**                                         EDMUND A. SARGUS, JR.
                                                 UNITED STATES DISTRICT JUDGE