## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION | Case No. 2:18-md-2846<br><br>JUDGE EDMUND A. SARGUS, JR.<br>Magistrate Judge Kimberly A. Jolson |

**This document relates to:**
*Milanesi v. C.R. Bard*,
Case No. 2:18-cv-01320

### MOTIONS IN LIMINE OPINION & ORDER NO. 29

### Defendants' Motion *in Limine* ("MIL") No. 18

Defendants C.R. Bard, Inc. and Davol, Inc. filed a Motion *in Limine* to Exclude Evidence and Argument Concerning Corporate Intent, Motives, or Ethics (Defendants' MIL No. 18, ECF No. 185), which is opposed by Plaintiffs Antonio Milanesi and Alicia Morz de Milanesi (ECF No. 232). For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' MIL No. 18.

### I.    Background[1]

The Milanesis' case will be tried as the second bellwether selected from thousands of cases in this multidistrict litigation ("MDL") titled *In Re: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation*, 2:18-md-2846. The Judicial Panel on Multidistrict Litigation described the cases in this MDL as "shar[ing] common factual questions arising out of

---

[1] For a more complete factual background, the reader is directed to the Court's summary judgment opinion and order in this case *Milanesi v. C.R. Bard*, Case No. 2:18-cv-01320. (ECF No. 167.)  All docket citations are to the *Milanesi* case, 2:18-cv-1320, unless otherwise noted.

allegations that defects in defendants' polypropylene hernia mesh products can lead to complications when implanted in patients, including adhesions, damage to organs, inflammatory and allergic responses, foreign body rejection, migration of the mesh, and infections." (Case No. 2:18-md-02846, ECF No. 1 at PageID #1–2.)

Plaintiffs bring this action to recover for injuries sustained as a result of the implantation of the Ventralex Large Hernia Patch, alleging that Defendants knew of the risks presented by the device but marketed and sold it despite these risks and without appropriate warnings. After summary judgment, the following claims remain for trial: defective design (strict liability), failure to warn (strict liability), negligence, gross negligence, negligent misrepresentation, fraud and fraudulent misrepresentation, fraudulent concealment, loss of consortium, and punitive damages.

The relevant facts here are that Mr. Milanesi underwent surgery to repair what appeared to be a recurrent hernia but was revealed to be a bowel erosion with a fistula and adhesions, which required a bowel resection. Shortly thereafter, Mr. Milanesi suffered a high-grade post-operative small bowel obstruction that required emergency surgery. Mr. Milanesi had the Ventralex Large Hernia Patch implanted ten years earlier to repair a hernia.

In Defendants' MIL No. 18, they move to exclude under Federal Rules of Evidence 401, 402, 403, 602, and 702 evidence and argument concerning corporate intent, motives, or ethics (Defs' MIL No. 18, ECF No. 185.)

## II.   Standards

"Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion *in limine*." *In re E.I. du Pont de Nemours & Co. C-8 Pers. Injury Litig.*, 348 F. Supp. 3d 698, 721 (S.D. Ohio 2016). The practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of

trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "The purpose of a motion *in limine* is to allow a court to rule on issues pertaining to evidence prior to trial to avoid delay and ensure an evenhanded and expedient trial." *In re E.I. du Pont*, 348 F. Supp. 3d at 721 (citing *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)). However, courts are generally reluctant to grant broad exclusions of evidence before trial because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Unless a party proves that the evidence is clearly inadmissible on all potential grounds—a demanding requirement—"evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *see also Koch*, 2 F. Supp. 2d at 1388 ("[A] court is almost always better situated during the actual trial to assess the value and utility of evidence."). The denial, in whole or in part, of a motion *in limine* does not give a party license to admit all evidence contemplated by the motion; it simply means that the Court cannot adjudicate the motion outside of the trial context. *Ind. Ins Co.*, 326 F. Supp. 2d at 846.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Irrelevant evidence is" inadmissible. Fed. R. Evid. 402. A court may exclude relevant evidence under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidentiary rulings are made subject to the district court's sound discretion. *Frye v. CSX Trans., Inc.*, 933 F.3d 591, 598 (6th Cir. 2019); *see also Paschal v. Flagstar Bank*,

295 F.3d 565, 576 (6th Cir. 2002) ("In reviewing the trial court's decision for an abuse of discretion, the appellate court must view the evidence in the light most favorable to its proponent, giving the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value."). Rule 602 provides that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

### III. Analysis

Both parties agree that similar issues were before this Court in the first bellwether case, *Johns v. C. R. Bard, Inc., et al.*, Case No 2:18-cv-01509. The Court granted in part and denied in part Defendants' motion to exclude evidence and argument concerning corporate intent, motives, or ethics. (Case No 2:18-cv-01509, MIL Order No. 6, ECF No. 366 at PageID #18931–32.) At the October 28, 2020 MIL hearing in *Johns*, the plaintiff agreed that expert witnesses may not offer testimony on Defendants' corporate intent and motives. (*Id.*; Case No 2:18-cv-01509, ECF No. 360 at PageID #18839–40.) As to corporate fact witnesses, the Court stated that "[i]f it's some low level person trying to infer what the company meant," it would be inappropriate for the witness to try to testify to the corporation's intent; however, "if someone is a decision maker [within the company]," the Court would address the personal knowledge issues "question by question." (*Id.* at PageID #18840.) The Court ruled that "if a corporate witness had personal knowledge of the Defendant corporations' intent or motive," and the corporate witness was a decision-maker within the corporation, "such questioning may be permissible. In the event that a witness testifies on this subject matter, the Court will resolve any personal-knowledge issues during trial." (*Id.*; Case No 2:18-cv-01509, MIL Order No. 6, ECF No. 366 at PageID #18931–32.)

4

### A. Expert Witnesses

Defendants argue that Plaintiffs' expert witnesses lack the requisite knowledge to establish a proper foundation for evidence of corporate intent or motive. (Defs' MIL No. 18, ECF No. 185 at PageID #13972.) This Court agrees. Plaintiffs argue that their claims are "highly technical and scientific, and the jury would benefit from expert opinion and testimony discussing Defendants' internal documents." (Pls' Mem. in Opp., ECF No. 232 at PageID #15295.) As this Court has previously stated:

> Experts are often permitted to consider "internal documents, and other medical and scientific literature." *Trevino v. Bos. Sci. Corp.*, No. 2:13-cv-01617, 2016 WL 2939521, at *19 (S.D.W. Va. May 19, 2016); *see, e.g.*, *Hosp. Auth. of Metro. Gov't of Nashville & Davidson Cnty. v. Momenta Pharms., Inc.*, 333 F.R.D. 390, 402 (M.D. Tenn. 2019). And as this Court has explained, "an expert may testify about his or her review of internal corporate documents solely for the purpose of explaining the basis for his or her opinions—assuming the opinions are otherwise admissible." *In re Davol, Inc./C.R. Bard, Inc.*, *Polypropylene Hernia Mesh Prods. Liab. Litig.*, Nos. 2:18-cv-01509, 2:18-md-2846, 2020 WL 6605542, at *11 (S.D. Ohio Sept. 1, 2020) (quoting *Sanchez v. Bos. Sci. Corp.*, No. 2:12-cv-05762, 2014 WL 4851989, at *4 (S.D.W. Va. Sept. 29, 2014)) (Evidentiary Motions Order ("EMO") No. 5).

(Evidentiary Motions Order No. 17, ECF No. 166 at PageID #13595.) Courts have typically barred expert opinions or testimony concerning a corporation's state of mind, subjective motivation, or intent. *See, e.g.*, *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531 (S.D. N.Y. 2004). Although witnesses may discuss certain subjects about which they possess specialized knowledge, this does not mean that they may speculate regarding corporate intent, state of mind, and/or motivations. *See id.* at 546 ("[T]he opinions of these witnesses on the intent, motives or states of mind of corporations . . . have no basis in any relevant body of knowledge or expertise.")

### B. Corporate Witnesses

Defendants argue that none of Plaintiffs' fact witnesses have the requisite knowledge to establish a proper foundation to testify to Defendants' corporate intent, motives, or ethics. On this

issue, the Court adopts its previous ruling in *Johns*. If a corporate witness has personal knowledge of the Defendant corporations' intent or motive, such questioning may be permissible. In the event that a witness testifies on this subject matter, the Court will resolve any personal-knowledge issues during trial.

### IV. Conclusion

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' MIL No. 18 (ECF No. 185).

As with all *in limine* decisions, this ruling is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

**IT IS SO ORDERED.**


**12/9/2021**                                   **s/Edmund A. Sargus, Jr.**
**DATE**                                        **EDMUND A. SARGUS, JR.**
                                                **UNITED STATES DISTRICT JUDGE**