**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION** | Case No. 2:18-md-2846<br><br>**JUDGE EDMUND A. SARGUS, JR.**<br>**Magistrate Judge Kimberly A. Jolson** |

**This document relates to:**
*Milanesi v. C.R. Bard*,
Case No. 2:18-cv-01320

### MOTIONS IN LIMINE OPINION AND ORDER NO. 37

### Defendants' Motion *in Limine* ("MIL") No. 13

Defendants C.R. Bard, Inc. and Davol, Inc. filed a Motion *in Limine* to Exclude Evidence and Argument Concerning Other Litigation (Defendants' MIL No. 13, ECF No. 180), which is opposed by Plaintiffs Antonio Milanesi and Alicia Morz de Milanesi (ECF No. 235). For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' MIL No. 13.

### I. Background[1]

The Milanesis' case will be tried as the second bellwether selected from thousands of cases in this multidistrict litigation ("MDL") titled *In Re: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation*, 2:18-md-2846. The Judicial Panel on Multidistrict Litigation described the cases in this MDL as "shar[ing] common factual questions arising out of

---

[1] For a more complete factual background, the reader is directed to the Court's summary judgment opinion and order in this case *Milanesi v. C.R. Bard*, Case No. 2:18-cv-01320. (ECF No. 167.) All docket citations are to the *Milanesi* case, 2:18-cv-1320, unless otherwise noted.

allegations that defects in defendants' polypropylene hernia mesh products can lead to complications when implanted in patients, including adhesions, damage to organs, inflammatory and allergic responses, foreign body rejection, migration of the mesh, and infections." (Case No. 2:18-md-02846, ECF No. 1 at PageID #1–2.)

Plaintiffs bring this action to recover for injuries sustained as a result of the implantation of the Ventralex Large Hernia Patch, alleging that Defendants knew of the risks presented by the device but marketed and sold it despite these risks and without appropriate warnings. After summary judgment, the following claims remain for trial: defective design (strict liability), failure to warn (strict liability), negligence, gross negligence, negligent misrepresentation, fraud and fraudulent misrepresentation, fraudulent concealment, loss of consortium, and punitive damages.

The relevant facts here are that Mr. Milanesi underwent surgery to repair what appeared to be a recurrent hernia but was revealed to be a bowel erosion with a fistula and adhesions, which required a bowel resection. Shortly thereafter, Mr. Milanesi suffered a high-grade post-operative small bowel obstruction that required emergency surgery. Mr. Milanesi had the Ventralex Large Hernia Patch implanted ten years earlier to repair a hernia.

In Defendants' MIL No. 13, they move to exclude under Federal Rules of Evidence 401, 403, 801, and 802 evidence and argument concerning other litigation (Defs' MIL No. 13, ECF No. 180.)

## II.     Standards

"Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion *in limine*." *In re E.I. du Pont de Nemours & Co. C-8 Pers. Injury Litig.*, 348 F. Supp. 3d 698, 721 (S.D. Ohio 2016). The practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of

trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "The purpose of a motion *in limine* is to allow a court to rule on issues pertaining to evidence prior to trial to avoid delay and ensure an evenhanded and expedient trial." *In re E.I. du Pont*, 348 F. Supp. 3d at 721 (citing *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)). However, courts are generally reluctant to grant broad exclusions of evidence before trial because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Unless a party proves that the evidence is clearly inadmissible on all potential grounds—a demanding requirement—"evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *see also Koch*, 2 F. Supp. 2d at 1388 ("[A] court is almost always better situated during the actual trial to assess the value and utility of evidence."). The denial, in whole or in part, of a motion *in limine* does not give a party license to admit all evidence contemplated by the motion; it simply means that the Court cannot adjudicate the motion outside of the trial context. *Ind. Ins Co.*, 326 F. Supp. 2d at 846.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Irrelevant evidence is" inadmissible. Fed. R. Evid. 402. A court may exclude relevant evidence under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidentiary rulings are made subject to the district court's sound discretion. *Frye v. CSX Trans., Inc.*, 933 F.3d 591, 598 (6th Cir. 2019); *see also Paschal v. Flagstar Bank*,

295 F.3d 565, 576 (6th Cir. 2002) ("In reviewing the trial court's decision for an abuse of discretion, the appellate court must view the evidence in the light most favorable to its proponent, giving the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value."). Hearsay is an out-of-court statement offered for the truth of the matter asserted. Fed. R. Evid. 801(a), (c). Unless a statement falls within an exception or exclusion set forth by the Federal Rules of Evidence, federal statute, or Supreme Court precedent, hearsay is inadmissible. Fed. R. Evid. 802.

### III.  Analysis

Both parties agree that a similar issue was before this Court in the first bellwether case, *Johns v. C. R. Bard, Inc., et al.*, Case No 2:18-cv-01509. The Court granted in part and denied in part Defendants' motion to exclude evidence of other litigation. (Case No 2:18-cv-01509, MIL Order No. 3, ECF No. 332 at PageID #17888; Case No 2:18-cv-01509, MIL Order No. 11, ECF No. 415 at PageID #22200–01.) In granting the motion in part, the Court ruled that "The parties may not introduce evidence of the number of cases pending in this MDL, experts' retention or fees in other cases in this MDL or other mesh litigation involving Bard, or the number of lawyers representing either party, but they may introduce evidence of experts' fees in this case and retention and fees in other non-mesh cases, as well as prior inconsistent testimony." (Case No 2:18-cv-01509, MIL Order No. 3, ECF No. 332 at PageID #17888.) In denying the motion in part, the Court held:

> In general, Defendants' motion and Plaintiff's opposition brief lack specificity, so neither may gain the benefit of a specific ruling here. *See Sperberg*, 519 at F.2d at 712 ("Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise."). Defendants do not point to any device-specific litigation apart from the transvaginal pelvic mesh litigation discussed *supra*. Therefore, the Court declines to grant this motion. . . . Plaintiff may seek to introduce [other litigation] to show knowledge or notice . . . knowledge is an

> express exception under Rule 404(b)(2)[.]
>
> In the same vein, the Court declines to green-light Plaintiff's assertions that evidence of prior litigation would be admissible not only to prove notice but also intent and other Rule 404(b)(2) exceptions. (ECF No. 294 at PageID #16239.) Without more, it would be inappropriate to speculate whether any evidence Plaintiff may present would be admissible on these grounds.

(Case No 2:18-cv-01509, MIL Order No. 11, ECF No. 415 at PageID #22201.)

The Court adopts in part its ruling in *Johns*. The parties may not introduce evidence of the number of cases pending in this MDL, experts' retention or fees in other cases in this MDL or other mesh litigation involving Bard, or the number of lawyers representing either party, but they may introduce evidence of experts' fees in this case and retention and fees in other non-mesh cases, as well as prior inconsistent testimony. Also as in *Johns*, Defendants' Motion lacks specificity. In their MIL No. 13, Defendants do not point to any device-specific litigation. *See Sperberg*, 519 at F.2d at 712 ("Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise."). Therefore, the Court declines to broadly exclude evidence of all other litigation.

Defendants also argue that any evidence of prior litigation that occurred after Mr. Milanesi's July 11, 2007 surgery cannot be admissible to show notice. (Defs' MIL No. 13, ECF No. 180 at PageID #13848.) The issue of post-surgery evidence as it relates to notice and the Plaintiffs' claim of a continuing duty to warn will be addressed in a later MIL Order.

### IV. Conclusion

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' MIL No. 13 (ECF No. 180).

5

As with all *in limine* decisions, this ruling is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

**IT IS SO ORDERED.**

**12/13/2021**　　　　　　　　　　　　　　　　　　　**s/Edmund A. Sargus, Jr.**
**DATE**　　　　　　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**