# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION | Case No. 2:18-md-2846<br><br>JUDGE EDMUND A. SARGUS, JR.<br>Magistrate Judge Kimberly A. Jolson |

**This document relates to:**
*Milanesi v. C.R. Bard*,
Case No. 2:18-cv-01320

## MOTIONS IN LIMINE OPINION AND ORDER NO. 39

## Defendants' Motion *in Limine* ("MIL") No. 10

Defendants C.R. Bard, Inc. and Davol, Inc. filed a Motion *in Limine* to Exclude Evidence and Argument Concerning Possible Current Injuries and Future Complications (Defendants' MIL No. 10, ECF No. 181), which is opposed by Plaintiffs Antonio Milanesi and Alicia Morz de Milanesi (ECF No. 262). For the reasons that follow, the Court **DENIES** Defendants' MIL No. 10.

### I. Background[1]

The Milanesis' case will be tried as the second bellwether selected from thousands of cases in this multidistrict litigation ("MDL") titled *In Re: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation*, 2:18-md-2846. The Judicial Panel on Multidistrict Litigation described the cases in this MDL as "shar[ing] common factual questions arising out of

---

[1] For a more complete factual background, the reader is directed to the Court's summary judgment opinion and order in this case *Milanesi v. C.R. Bard*, Case No. 2:18-cv-01320. (ECF No. 167.) All docket citations are to the *Milanesi* case, 2:18-cv-1320, unless otherwise noted.

allegations that defects in defendants' polypropylene hernia mesh products can lead to complications when implanted in patients, including adhesions, damage to organs, inflammatory and allergic responses, foreign body rejection, migration of the mesh, and infections." (Case No. 2:18-md-02846, ECF No. 1 at PageID #1–2.)

Plaintiffs bring this action to recover for injuries sustained as a result of the implantation of the Ventralex Large Hernia Patch, alleging that Defendants knew of the risks presented by the device but marketed and sold it despite these risks and without appropriate warnings. After summary judgment, the following claims remain for trial: defective design (strict liability), failure to warn (strict liability), negligence, gross negligence, negligent misrepresentation, fraud and fraudulent misrepresentation, fraudulent concealment, loss of consortium, and punitive damages.

The relevant facts here are that Mr. Milanesi underwent surgery to repair what appeared to be a recurrent hernia but was revealed to be a bowel erosion with a fistula and adhesions, which required a bowel resection. Shortly thereafter, Mr. Milanesi suffered a high-grade post-operative small bowel obstruction that required emergency surgery. Mr. Milanesi had the Ventralex Large Hernia Patch implanted ten years earlier to repair a hernia.

In Defendants' MIL No. 10, they move to exclude evidence and argument concerning Mr. Milanesi's possible current injuries and future complications. (Defs' MIL No. 10, ECF No. 181.)

## II.    Standards

"Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion *in limine*." *In re E.I. du Pont de Nemours & Co. C-8 Pers. Injury Litig.*, 348 F. Supp. 3d 698, 721 (S.D. Ohio 2016). The practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "The purpose of a motion *in limine* is

2

to allow a court to rule on issues pertaining to evidence prior to trial to avoid delay and ensure an evenhanded and expedient trial." *In re E.I. du Pont*, 348 F. Supp. 3d at 721 (citing *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)). However, courts are generally reluctant to grant broad exclusions of evidence before trial because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Unless a party proves that the evidence is clearly inadmissible on all potential grounds—a demanding requirement—"evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *see also Koch*, 2 F. Supp. 2d at 1388 ("[A] court is almost always better situated during the actual trial to assess the value and utility of evidence."). The denial, in whole or in part, of a motion *in limine* does not give a party license to admit all evidence contemplated by the motion; it simply means that the Court cannot adjudicate the motion outside of the trial context. *Ind. Ins Co.*, 326 F. Supp. 2d at 846.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Irrelevant evidence is" inadmissible. Fed. R. Evid. 402. A court may exclude relevant evidence under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidentiary rulings are made subject to the district court's sound discretion. *Frye v. CSX Trans., Inc.*, 933 F.3d 591, 598 (6th Cir. 2019); *see also Paschal v. Flagstar Bank*, 295 F.3d 565, 576 (6th Cir. 2002) ("In reviewing the trial court's decision for an abuse of

discretion, the appellate court must view the evidence in the light most favorable to its proponent, giving the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value.").

### III. Analysis

Both parties agree that similar issues were before this Court in the first bellwether case, *Johns v. C. R. Bard, Inc., et al.*, Case No 2:18-cv-01509. The Court granted Defendants' motion to exclude evidence of possible future complications due to the unreliability of certain expert testimony. (Case No 2:18-cv-01509, MIL Order No. 1-A, ECF No. 330 at PageID #17883; Case No 2:18-cv-01509, Dispositive Motions Order No. 1, ECF No. 309; Case No 2:18-cv-01509, Evidentiary Motions Order No. 5, ECF No. 310.)

#### A. Evidence of Current Injuries

Defendants argue that evidence of Mr. Milanesi's present condition is inadmissible. Defendants do not cite to any authority to support this argument, and simply say that "[Mr. Milanesi] is simply in the same position that he was in before his 2007 implant surgery." (Defs' MIL No. 10, ECF No. 181 at PageID #13860.) However, as Plaintiffs point out, Mr. Milanesi "is missing 9 centimeters of his bowel and now has two hernias in the umbilical area, rather than the single, small umbilical hernia he had in May 2007." (Pls' Mem. in Opp., ECF No. 262 at PageID #16272.)

In their Motion, Defendants argue that "Florida law precludes a plaintiff from recovering damages for their current condition when they cannot establish that a subject product caused their present condition." (Defs' MIL No. 10, ECF No. 181 at PageID #13859.) Of course, Plaintiffs must prove that Mr. Milanesi's present condition is causally related to Defendants' product. In turn, it is Defendants' task to convince the jury that Plaintiffs have not met their burden in showing

4

the Ventralex caused Mr. Milanesi's present condition. All of this turns on evidence not yet presented. "Difficulty of proof will not, however, deprive a plaintiff of the opportunity to present [his] case." *Swain v. Curry*, 595 So. 2d 168, 173 (Fla. Dist. Ct. App. 1992). Defendants also argue that because doctors have advised Mr. Milanesi to have a hernia repair using a hernia mesh device, and Mr. Milanesi has refused, any damages for a recurrent hernia would be subject to a reduction for failure to mitigate. (Defs' MIL No. 10, ECF No. 181 at PageID #13859.) Defendants are certainly free to make that argument at trial, but again, this argument goes to the weight of Plaintiffs' arguments and Defendants have made no convincing arguments as to why such evidence or argument would be inadmissible.

### B. Fear of Future Injuries

Defendants claim that there is no expert support for the proposition that Mr. Milanesi's condition will worsen, so any such testimony should be excluded. (Defs' MIL No. 10, ECF No. 181 at PageID #13861.) However, as Plaintiffs point out, fear of future injury is a valid element of damages under Florida law:

> Finally, Mrs. Swain is entitled to attempt to prove that her emotional damages are presently greater as a result of such increased fear of recurrence of cancer as has resulted from any provable negligence. Such damages are recoverable, not as a separate cause of action, but as an element of personal injury damages under Florida Standard Jury Instruction 6.2(a).
>
> By this holding, we do not mean to suggest that Mrs. Swain will be successful in proving these damages. Indeed, it is self-evident that anyone, once diagnosed with and treated for cancer, will endure a fear of recurrence. Claimant in this case certainly faces a formidable obstacle in attempting to demonstrate to the satisfaction of the finder of fact that her emotional distress is of a demonstrably and quantifiably different degree now, as compared to the case of prompt diagnosis and treatment. Difficulty of proof will not, however, deprive a plaintiff of the opportunity to present her case. *Evers v. Dollinger,* 95 N.J. 399, 471 A.2d 405 (1984). *See generally,* Gale and Goyer, Recovery for Cancerphobia and Increased Risk of Cancer, 15 Cumb.L.Rev. 723 (1985) (positing that fear of cancer as a measure of compensable damages in a legal action is merely a subcategory of damages for emotional distress or mental anguish, tracking the history of recovery for mental anguish over the fear of developing a future condition or disease due to

> another's negligence, and pointing out distinctions in the claim for fear of cancer, and the claim for actual increased risk of cancer).
>
> By way of analogy, we note that the damages sought in this case are no less elusive than at least one item of damages commonly allowed in commercial litigation—lost future profits. Commercial law recognizes that mere uncertainty as to amount will not defeat a claim for recovery of prospective profits, so long as the evidence will support a satisfactory conclusion as to causation. *Twyman v. Roell,* 123 Fla. 2, 166 So. 215 (1936). Once the commercial claimant has established causation, the law will tolerate some approximation in the determination of amount. *Sampley Enterprises Inc. v. Laurilla,* 404 So.2d 841 (Fla. 5th DCA 1981).
>
> The crushing emotional anguish endured by Mrs. Swain is certainly no less real or substantial to her than is the prospect of lost future profits to the businesswoman who is the victim of a commercial tort or a breached contract. Both present substantial problems of quantification. We hold that if Mrs. Swain is able to establish the *174 threshold of increased distress which has been proximately caused by medical negligence, she may not be precluded from seeking damages from the jury. The present record will not allow us to now conclude, as a matter of law, that Mrs. Swain's proof will not attain the bare threshold.

*Swain*, 595 So. 2d at 173–74. Cancerphobia, as the condition is termed, is a legally recognized fear of recurrence, even when the plaintiff faces a less than probable return of the condition. Plaintiffs must support such claim of further injury with a medical showing of future increased risk and accompanying anxiety or distress.

Plaintiffs argue that "Defendants[' argument] that Mr. Milanesi's fear of future injury claim [is a claim for] damages due to future injury which is reasonably certain to occur . . . is fundamentally incorrect." This Court agrees. As clearly stated by *Swain*, an argument by Plaintiffs that Mr. Milanesi has a present fear of future injury is not the same as a claim for damages due to a speculative future injury.

## IV.     Conclusion

For the reasons set forth above, the Court **DENIES** Defendants' MIL No. 10 (ECF No. 181).

6

As with all *in limine* decisions, this ruling is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

**IT IS SO ORDERED.**


**12/13/2021**  　　　　　　　　　　　　　　　**s/Edmund A. Sargus, Jr.**
**DATE**  　　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**