UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION

Case No. 2:18-md-2846

JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

**This document relates to:**
*Milanesi v. C.R. Bard*,
Case No. 2:18-cv-1320

### ORDER

This matter is before the Court on Defendants' Motion to Seal Exhibit C to Plaintiffs' Opposition to Defendants' Motion to Exclude the Testimony of Plaintiffs' Expert Michael G. Beatrice, Ph.D. (ECF No. 332). For the reasons that follow, Defendants' Motion is **DENIED**.

A district court may enter a protective order during discovery on a mere showing of "good cause." Fed. R. Civ. P. 26(c)(1). "[V]ery different considerations apply" when a party seeks to seal documents "[a]t the adjudication stage," which applies "when the parties place material in the court record." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quotation omitted). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Id.* at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179). "Only the most compelling reasons can justify non-disclosure of judicial records." *Id.* (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "[T]he seal itself must be

narrowly tailored to serve that reason," which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Similarly, the court "that chooses to seal court records must set forth specific findings and conclusions which justify nondisclosure." *Id.* at 306 (quotation omitted).

Defendants argue that the Exhibit is irrelevant to the resolution of Defendants' Motion. As this Court has previously explained on more than one occasion, "claims that a document is 'irrelevant' or 'highly prejudicial' are insufficient" to establish that a document should be sealed. (Case No. 18-cv-1509, ECF No. 116 at PageID #8177; Case No. 18-cv-1509, ECF No. 141 at PageID #9092.) Those same arguments fail again here. Because Defendants have not demonstrated a clearly defined and serious injury from the disclosure of the Exhibit, their Motion is **DENIED**.

**IT IS SO ORDERED.**

**2/15/2022**                                      s/Edmund A. Sargus, Jr.
**DATE**                                          **EDMUND A. SARGUS, JR.**
                                                  **UNITED STATES DISTRICT JUDGE**