UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION | Case No.: 2:18-md-2846<br><br>JUDGE EDMUND A. SARGUS, JR.<br>Magistrate Judge Kimberly A. Jolson |
| **This document relates to:**<br>**ANTONIO MILANESI, et al.** | Case No.: 2:18-cv-01320 |

### JOINT MOTION TO VACATE JUDGMENT AND DISMISS CASE

Plaintiffs Antonio Milanesi and Alicia Morz de Milanesi and Defendants C. R. Bard, Inc. and Davol Inc. (collectively, the "Parties") move the Court pursuant to Federal Rule of Civil Procedure 60(b) and Federal Rule of Civil Procedure 41(a)(2) for (i) an order vacating the judgment rendered in this case on April 15, 2022 (ECF No. 381), (ii) an order dismissing this case with prejudice, and, if necessary, (iii) an oral hearing to address any questions the Court may have regarding this motion.  The Parties have resolved the case and file this motion jointly consistent with the Parties' intent that the jury's verdict not have any potential preclusive effect in on-going and future litigation.  The Parties each filed post-trial motions consistent with their respective concerns about aspects of the trial and jury verdict.  After the Court issued an order denying all post-trial motions, Plaintiffs filed a notice of appeal and Defendants cross-appealed.  The appeals have been dismissed in connection with the resolution of the case.

Federal Rule of Civil Procedure 60(b)(5) permits a district court, "[o]n motion and just terms," to "relieve a party or its legal representative from a final judgment, order, or proceeding" for specified reasons, including that "(5) the judgment has been satisfied, released, or discharged . . . or applying it prospectively is no longer equitable; or [¶] (6) [for] any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(5)-(6).  District courts have "broad discretion" to do so under the

Rules.  *Singh Mgmt. Co., LLC v. Singh Dev. Co.*, 774 F. App'x 921, 925 (6th Cir. 2019) ("The Federal Rules grant district courts broad discretion to 'alter or amend a judgment' or to grant 'relief from a judgment or order.'") (citing Fed. R. Civ. P. 59(e), 60(a) & (b)).  Here, party agreement and facilitation of settlement support granting vacatur.

I. **THE PARTIES AGREE THAT THE JUDGMENT SHOULD BE VACATED.**

Vacatur here is consistent with the Court's mandate that "justice be done in light of all the facts."  *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund*, 249 F.3d 519, 529 (6th Cir. 2001).  This vacatur request comes before the Court on joint motion of the Parties, who each evaluated the benefit of vacatur in connection with the resolution of this case without waiting for the lengthy and costly appeals to play out.  Such efficiency advances justice for both Parties to this matter and for parties in other matters who rely upon limited judicial resources in their own searches for justice.  Vacating this verdict will also not hinder the pursuit of justice in the remaining MDL cases.  This is not the first bellwether case tried, nor is it slated to be the last.[1]  The remaining cases may still proceed.

II. **GRANTING VACATUR WILL NOT DETER RESOLUTION OF OTHER CASES.**

This bellwether case was one of several identified for workup and trial.  Among the cited advantages of modern bellwether trials is "precipitat[ing] and informing[ing] settlement negotiations by indicating future trends, that is, by providing guidance on how similar claims may fare before subsequent juries."  *See* Eldon E. Fallon, Jeremy T. Grabill, & Robert Pitard Wynne, *The Problem of Multidistrict Litigation: Bellwether Trials in Multidistrict Litigation*, 82 Tul. L. Rev. 2323, 2338 (2008), Ex. A.  If anything, trying this case prior to settlement and vacating the

---

[1] As far as the Parties are aware, there are no third parties whose interests would be affected by an order vacating the judgment.  While there are other hernia mesh cases currently pending in this MDL and in state courts, this is not the only case involving a Bard hernia mesh device to produce a jury verdict or judgment on the merits.  Thus, having this judgment remain in place is not itself determinative.

2

judgment promotes discussion of resolution of other cases by providing additional information on trial prospects that would not have been available otherwise. Instead, the Parties have generated another bellwether data point to further those discussions. Rather than inhibiting resolution of other cases, the Parties believe that vacatur would promote it.

This joint motion reflects the reasoned view of both the PSC and Defendants' Lead Counsel that vacating the judgment in this case will further the chance of resolution beyond this case and the orderly administration of this MDL. That the motion is filed jointly negates any concern that resolution of this case and an attempt to vacate the judgment reflect some sort of gamesmanship by one of the Parties. *See*, *e.g.*, *Asher v. Unarco Material Handling, Inc.*, No. 06-548-ART, 2012 U.S. Dist. LEXIS 127303, *12-14 (E.D. Ky. Sept. 7, 2012) (internal citations omitted).

### III. CONCLUSION

For these reasons, equity justifies relief. The Parties respectfully jointly request an order vacating the judgment pursuant to Rule 60(b), that the case then be dismissed pursuant to Rule 41(a)(2), and a brief oral hearing to address any questions the Court may have regarding this motion.

Dated: January 5, 2023　　　　　　　　　　　　Respectfully submitted,

/s/ David J. Butler　　　　　　　　　　　　　　/s/ Eric L. Alexander

**Plaintiffs' Liaison Counsel**　　　　　　　　Michael K. Brown
David J. Butler (0068455)　　　　　　　　　　REED SMITH LLP
TAFT STETTINIUS & HOLLISTER LLP　　　　355 South Grand Avenue, Suite 2900
65 East State Street, Suite 1000　　　　　　Los Angeles, CA 90071-1514
Columbus, OH 43215-4213　　　　　　　　　Telephone: (213) 457-8000
Tel: (614) 221-2838　　　　　　　　　　　　mkbrown@reedsmith.com
Fax: (614) 221-2007
Email: dbutler@taftlaw.com　　　　　　　　Eric L. Alexander
　　　　　　　　　　　　　　　　　　　　　　REED SMITH LLP
Timothy M. O'Brien　　　　　　　　　　　　1301 K St., NW

*Plaintiffs' Co-Lead Counsel*
Florida Bar No. 055565
LEVIN, PAPANTONIO, RAFFERTY,
PROCTOR, BUCHANAN, O'BRIEN,
BARR & MOUGEY, P.A.
316 South Baylen St., Ste. 600
Pensacola, FL 32502
Tel: (850) 435-7084
Fax: (850) 436-6084
Email: tobrien@levinlaw.com

Kelsey L. Stokes
*Plaintiffs' Co-Lead Counsel*
Texas Bar No. 24083912
FLEMING, NOLEN & JEZ, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056-6109
Tel: (713) 621-7944
Fax: (713) 621-9638
Email: kelsey_stokes@fleming-law.com

*Attorneys for Plaintiffs*

Suite 1000-East Tower
Washington, D.C. 20005
Telephone: (202) 414-9200
ealexander@reedsmith.com

Lori G. Cohen
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road NE
Suite 2500
Atlanta, GA 30305
(678) 553-2385
cohenl@gtlaw.com

*Co-Lead Counsel for Defendants*
*C. R. Bard, Inc. and Davol Inc.*

William D. Kloss, Jr.
Vorys Sater Seymour and Pease
52 East Gay Street
Columbus, OH 43215
(614) 464-6202
wdklossjr@vorys.com
hageigel@vorys.com
akminer@vorys.com

*Liaison counsel for Defendants*
*C. R. Bard, Inc. and Davol Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of this electronic filing to all counsel of record.

*/s/ Eric L. Alexander*
Eric L. Alexander
